702 P.2d 350

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 7928.**

Court of Appeals of New Mexico.

July 26, 1984.

Paul Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Santa Fe, Stephen P. McCue, Asst. Public Defender, Roswell, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Our concern herein focuses upon the child's application for a stay during the pendency of his appeal from an order of the children's court finding that the child is a delinquent child and in need of care and rehabilitation, and committing him to the custody of the department of corrections for an indeterminate period not to exceed two years.

The child, age 17, was originally charged with two counts of allowing himself to be served with intoxicating liquor contrary to NMSA 1978, Section 60–7B–1.1(B) (Repl. Pamp.1981). The state moved to sever Count I of the petition and to proceed to trial on Count II. Following a hearing before a special master, the child was found to have committed a delinquent act. Thereafter, the children's court judge affirmed the findings and report of the special master and ordered the child's commitment. No constitutional issues have been raised by the parties. *See Annot.,* 53 A.L. R.3d 848 (1973); *L.O.W. v. District Court*

*In and For County of Arapahoe,* Colo., 623 P.2d 1253 (1981).

Although NMSA 1978, Section 32–1–39(B) (Repl.Pamp.1981) of the Children's Code provides that a party aggrieved by an order of the children's court may seek a stay from the court of appeals, the statute does not specifically detail what standards shall be applied in considering such application. Section 32–1–39(B) specifies:

> The appeal to the court of appeals does not stay the judgment appealed from, but *the court of appeals may order a stay upon application and hearing consistent with the provisions of the Children's Code if suitable provision is made for the care and custody of the child.* If the order appealed from grants the legal custody of the child to, or withholds it from, one or more of the parties to the appeal, the appeal shall be heard at the earliest practicable time. [Emphasis supplied.]

The legislature has distinguished children's rights on appeal from those of adults. *See* NMSA 1978, § 31–11–1 (Repl. Pamp.1984). Under NMSA 1978, Child.Ct. Rule 18 (Repl.Pamp.1982), a party appealing a judgment of the children's court may request that the judgment be stayed by filing and serving an application for stay in the court of appeals after the notice of appeal has been filed. Rule 18(b) provides all applications seeking a stay of the judgment of a children's court shall include:

> (1) a concise statement of such facts presented to the children's court necessary for an understanding of the application;
>
> (2) a concise statement of the reasons why the judgment should be stayed, including a statement whether those reasons were presented to the children's court as a part of the appellant's case below;
>
> (3) a concise statement of how suitable provision will be made for the care and custody of the child if a stay is granted;
>
> (4) certified copies, showing the filing dates, of the petition initiating the children's court action, the judgment and

any findings of the children's court, and the notice of appeal. The application may also include documentary evidence presented to the children's court * * *.

■ An order granting a stay in a children's court proceeding suspends the implementation of the order of the children's court, and preserves the status quo until the order can be reviewed on appeal. Section 32–1–39(B). A stay of proceedings is not a matter of right; the grant or denial of a stay rests in the sound discretion of the appellate court and will be granted only when the court is satisfied that justice will be thereby promoted. *E.g., In re Doe*, 88 N.M. 505, 542 P.2d 1195 (Ct.App.1975); *In re Kelly*, 236 N.W.2d 50 (Iowa 1975); *Ex parte Cromwell*, 232 Md.App. 305, 192 A.2d 775 (1963).

The short time limitations throughout the Children's Code indicate a legislative intent to begin the rehabilitative process as soon as possible. *Kelly*. This, together with the purpose of the Children's Code being to protect, and not to punish, *see* NMSA 1978, § 32–1–2(B) (Repl.Pamp.1981), indicates that this court should exercise its discretion to grant stays for proper cause. *See Cromwell.*

■ The burden is upon the party seeking a stay to show the existence of good cause for the issuance of an order granting the stay. In determining whether a stay of an order of the children's court should be granted, we look first to the statute and the rule. Both state that suitable provision must be made for the care and custody of the child if the stay is granted. This factor necessarily includes consideration of the following criteria: (1) whether the denial of the stay is likely to result in a detriment to the child or to society; (2) the seriousness or lack of seriousness of the adjudicated offense; (3) the child's prior behavior and history; (4) the necessity of the child to submit to professional care and treatment; (5) the willingness and ability of the child's parents or other responsible persons to exercise appropriate supervision and control over the child; and (6) the likelihood that the child

may flee the jurisdiction of the court. *See* NMSA 1978, §§ 32–1–24 to –39 (Repl. Pamp.1981 and Cum.Supp.1984); ABA, *Juvenile Justice Standards, Appeals and Collateral Review* § 5.1 (1980). *See also In re Doe*, 57 Haw. 413, 558 P.2d 483 (1976); *A.J. v. Presley*, 234 So.2d 660 (Fla. 1970).

■ Rule 18 also indicates, in paragraph 2 of section (b), that this court should make a preliminary determination of the merits of the issues on appeal. With regard to this factor, we adopt the standard set forth in *Doe* and *Presley*. Thus, the applicant must show that the appeal is taken in good faith and that the issues raised are nonfrivolous and fairly debatable. Finally, under Rule 18, the applicant's showing directed to these factors and criteria should be contained in the written application.

In the instant case, the issues raised on appeal have already been assigned to a summary calendar, *see* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d) (Repl.Pamp.1983), and have been abandoned in the child's memorandum in opposition. *See State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982). The child's written application for stay recites, without more, that the child would stay with his mother during the pendency of the appeal.

■ In considering the application for stay we have also been alerted to the following facts. The child has an extensive juvenile court history, including two previous adjudications of delinquency and commitments to the New Mexico Boys School, and an unsatisfactory discharge from the boys school in 1983. The child has a history of problems with alcohol and paint sniffing. The child has a prior history of truancy from school, and in 1977 he was found to have violated the terms of his probation by running away.

After evaluating the facts of this case in light of the standards and criteria we adopt today, we find good cause has not been demonstrated for an order granting a stay. The unlikelihood of success on appeal together with the absence of any showing in

the application that the child's problems would be cared for in any way by staying with his mother convinces us that this is an appropriate result.

The application is therefore denied.

IT IS SO ORDERED.

NEAL and MINZNER, JJ., concur.