736 P.2d 986

**TENNECO OIL COMPANY,**
**Appellant-Petitioner,**

v.

**NEW MEXICO WATER QUALITY**
**CONTROL COMMISSION,**
**Appellee-Respondent.**

**NAVAJO REFINING COMPANY,**
**Appellant-Movant,**

v.

**NEW MEXICO WATER QUALITY**
**CONTROL COMMISSION,**
**Appellee-Respondent.**

Nos. 9103, 9106.

Court of Appeals of New Mexico.

March 25, 1986.

Paul G. Bardacke, Atty. Gen., Andrea L. Smith, Ass't Atty. Gen., Duff Westbrook, Special Ass't Atty. Gen., Santa Fe, for appellee-respondent.

Karen Aubrey, Kellahin & Kellahin, Santa Fe, for applicant Tenneco.

Bruce S. Garber, Santa Fe, for applicant Navajo Refining Co.

## OPINION

DONNELLY, Judge.

The issue before us involves the applications of Navajo Refining Company and Tenneco Oil Company, seeking to stay the enforcement of amendments to the Water Quality Control Commission regulations during the pendency of their appeal from the administrative order adopting such amendments. With the consent of the parties, the applications for stay have been consolidated for hearing.

In their applications for stay, applicants assert that the proposed amendments promulgated under the Water Quality Act, NMSA 1978, Section 74–6–1 (Repl.Pamp. 1983), et seq., "will set more stringent numerical standards for discharge of substances which are controlled by the Water Quality Control Commission than presently exist" and that if such standards are permitted to become effective, applicants "will be irreparably harmed by enforcement of these regualtions [sic] while this matter is pending on appeal."

Applicants have included in their petitions for stay, copies of the amended regulations which are the subject of their appeals, but have not alleged specifically in what manner the proposed amendments to the regulations, if allowed to take effect, will result in "irreparable harm."

Section 74–6–4 empowers the Commission to adopt regulations and amendments applicable to water quality standards, after notice and hearing to interested persons. NMSA 1978, § 74–6–6 (Repl.Pamp.1983). The Act is silent, however, concerning any provision for the grant of a stay from regulations or amendments enacted by the Commission.

During the pendency of an appeal, an appellate court may grant supersedeas or stay to review any action of, or any failure or refusal to act by, the district court. NMSA 1978, Civ.App.R. 5 (Repl.Pamp. 1984). The appellate rule, however, does not specifically refer to the granting of supersedeas or stay from orders of a state administrative agency. *Compare* NMSA 1978, Civ.P.R. 62 (Repl.Pamp.1980).

■ Under the Water Quality Act, provision is made for a direct appeal to the Court of Appeals from any regulation or amendment adopted by the Commission. NMSA 1978, § 74–6–7 (Repl.Pamp.1983). Implicit in the statute is the power to grant a stay from the operation of an administrative order or regulation, after due notice and opportunity for hearing. *See* N.M. Const. art. VI, § 29. During the pendency of an appeal, a stay can be granted as an incident to this court's power to review final administrative orders or regulations. *Compare* NMSA 1978, § 12–8–18 (specifying under Administrative Procedures Act, that the filing of an appeal does not stay enforcement of an agency decision, but the

agency may grant, or Court of Appeals may order a stay upon appropriate terms).

■ Grant of an application for stay is not a matter of right, it is an exercise of judicial discretion, and the propriety of its issuance is dependent upon the circumstances of each individual case. *See State v. Doe,* 103 N.M. 30, 702 P.2d 350 (Ct.App. 1984).

■ In cases where a stay is sought of agency action during the pendency of an administrative appeal, in accord with the general rule requiring a party to exhaust his administrative remedies, the party seeking the relief should first apply for a stay from the agency involved. *See Von Weidlein International Inc. v. Young,* 16 Or. App. 81, 514 P.2d 560 (1973) (en banc). *Cf. Angel Fire Corp. v. C.S. Cattle Co.,* 96 N.M. 651, 634 P.2d 202 (1981); *State Racing Commission v. McManus,* 82 N.M. 108, 476 P.2d 767 (1970).

■ In the absence of a specific statute or rule governing the granting of a stay of agency action pending appeal, what standard is applicable herein? Courts in other jurisdictions have applied varying standards. *See Tomasi v. Thompson,* 635 P.2d 538 (Colo.1981) (en banc); *Connecticut Life & Health Insurance Guaranty Ass'n v. Daly,* 35 Conn.Sup. 13, 391 A.2d 735 (1977); *Coordinating Committee of Mechanical Specialty Contractors Ass'n v. O'Connor,* 92 Ill.App.3d 318, 48 Ill.Dec. 147, 416 N.E.2d 42 (1980); *Teleconnect Co. v. Iowa State Commerce Commission,* 366 N.W.2d 511 (Iowa 1985). The standards recognized in some of these decisions are influenced in part by statutory provision or court rule.

The test articulated in *Associated Securities Corp. v. Securities & Exchange Commission,* 283 F.2d 773 (10th Cir.1960) and *Teleconnect,* we conclude, should be adopted herein. In both *Associated Securities Corp.,* and *Teleconnect,* the appellate courts recognized four conditions which they determined should guide an appellate court in determining whether its discretion should be exercised in the granting of a stay from an order or regulation adopted by an administrative agency. These conditions involve consideration of whether there has been a showing of: (1) a likelihood that applicant will prevail on the merits of the appeal; (2) a showing of irreparable harm to applicant unless the stay is granted; (3) evidence that no substantial harm will result to other interested persons; and (4) a showing that no harm will ensue to the public interest.

■ The mere fact that an administrative regulation or order may cause injury or inconvenience to applicant is insufficient to warrant suspension of an agency regulation by the granting of a stay. *Union Fidelity Life Insurance Co. v. Whaland,* 114 N.H. 549, 323 A.2d 585 (1974). An administrative order or regulation will not be stayed pending appeal where the applicant has not made the showing of each of the factors required to grant the stay. *Id.*

■ Applicants herein have alleged that irreparable harm will result unless a stay from the Commission's amended regulations is granted. Mere allegations of irreparable harm are not, of course, sufficient. A showing of irreparable harm is a threshold requirement in any attempt by applicants to obtain a stay. However, in addition to a showing of irreparable harm, to obtain a stay of administrative action pending appellate review, an applicant must make a showing as to the other three conditions. In evaluating a request for a stay, the court must consider the applicant's presentation as to each of the enumerated factors.

Applying the above standards to the matters presented by applicants herein, we find that applicants have not established good cause for the granting of a stay under the factors recognized above. Denial of the requested stay does not constitute any determination of the validity of applicants' appeal on the merits.

The applications for stay are denied.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.