806 P.2d 1057

**Deborah K. ALPERS, now Campbell, Respondent–Appellant,**

v.

**Douglas ALPERS, Petitioner–Appellee.**

**No. 11696.**

Court of Appeals of New Mexico.

Feb. 6, 1990.

Mary E. Lebeck, Cynthia A. Fry, Lebeck & Fry, P.A., Albuquerque, for respondent-appellant.

Dick A. Blenden, Paine, Blenden & Diamond, Carlsbad, for petitioner-appellee.

Paul Snead, Roswell, Guardian Ad Litem.

## OPINION

APODACA, Judge.

Respondent Deborah K. Alpers (mother) has filed in this court a motion to stay the trial court's order changing custody, pending disposition of her appeal of the order on the merits. The trial court denied mother's motion. *See* SCRA 1986, 12–207. The issue before us is whether the trial court erred in denying a stay of the custody order. We hold the trial court abused its discretion in denying the motion and grant the stay pending resolution of the appeal on the merits.

## BACKGROUND

The parties have two children, both boys, who are now eight and ten years old. Father filed for divorce in 1984. The final decree granted joint custody of the children to the parties, with mother having primary physical custody subject to father's detailed visitation rights. In 1986, mother remarried and moved with the children to Maryland. She and her new husband have two children of their own. Father continues to reside in New Mexico.

The post-divorce relationship between mother and father has been extremely antagonistic. During the ensuing years after entry of the final decree, there were several judicial proceedings on support and change in custody. Most pertinent to the issues involved in the stay are the following proceedings. In 1988 mother asked the

court to stay the summer visitation then scheduled. At the hearing on this motion, mother submitted videotaped testimony from two Maryland mental health professionals on the boys' emotional and psychological harm resulting from their last visit with father. Evidence was also introduced regarding father's alleged drinking problem and violent nature. The trial court ordered the visitation to proceed, subject to certain restrictions on father's behavior during the visitation. Additionally, the trial court terminated joint custody and awarded mother sole custody.

In February of 1989, father filed for a change of custody, or, in the alternative, for visitation. This action resulted in two hearings during the early summer of 1989. Based on the testimony at the hearing on the merits, the trial court ordered a change of custody from mother to father. It was from this order that mother appealed. The trial court's order changing custody to the father included a finding that mother "has repeatedly disobeyed the orders of this court and it is apparent that [mother] will not comply with the orders of the court as to visitation and it is within the power of this court to alter the custody of the children to comply with this court's order."

As previously noted, mother also proceeded to file in the trial court a motion to stay enforcement of the order. *See* SCRA 1986, 1–062; R. 12–207. Attached to the motion were the office notes of Dr. Anne S. Frankel, dated July 5, 1989, and the affidavits of Belinda Straight, M.D., Ronald Kurz, Ph.D., and Neal Morris, Ph.D. During the pendency of this appeal, mother also initiated court proceedings in Maryland challenging the jurisdiction of the trial court to modify custody of the children and seeking to stay enforcement of the custody order entered by the trial court.

The trial court denied mother's motion. The denial was evidenced in the record proper by a minute order of the clerk. No written decision on the motion was filed. Mother then requested this court to review the trial court's decision under Rule 12–207. We granted the stay, indicating in our order that an opinion would be filed stating our basis for granting the stay.

## DISCUSSION

■ During the pendency of an appeal, we may, upon motion and notice, review any action of, or failure or refusal to act by, the trial court dealing with supersedeas or stay. R. 12–207(A). In cases where a stay is sought with this court, an application for a stay of the judgment or order must first be made in the trial court. R. 12–207(B).

■ Grant of an application for stay is not a matter of right but an exercise of judicial discretion. *See State v. Doe,* 103 N.M. 30, 702 P.2d 350 (Ct.App.1984) (referred to as *Doe I* ). The propriety of the issuance of a stay is dependent on the circumstances of each individual case. *Id.* The trial court's decision shall be set aside only if it is shown that the decision was (1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence; or (3) otherwise not in accordance with the law. R. 12–207(D). We hold that, on the particular facts of this appeal, the trial court abused its discretion in denying a stay of the order changing custody.

Although Rule 12–207(D) provides generally for the granting of a stay by this court if the trial court has abused its discretion, we presently have no case law developing criteria or factors to be considered in determining whether an abuse of discretion has occurred in child custody proceedings. Such factors have been developed in other areas of the law. *See, e.g., Cunningham v. Gross,* 102 N.M. 723, 699 P.2d 1075 (1985) (listing other factors to be considered in granting or denying injunctive relief including the relative hardships to both plaintiff and defendant); *Tenneco Oil Co. v. New Mexico Water Quality Control Comm'n,* 105 N.M. 708, 736 P.2d 986 (Ct. App.1986) (discussing factors considered in granting or denying an injunction against the enforcement of administrative regulations); *Scott v. Jordan,* 99 N.M. 567, 661 P.2d 59 (Ct.App.1983) (finding that weighing the equities is a vital factor in determining whether to grant injunctive relief);

*Doe I*, 103 N.M. at 32, 702 P.2d at 352 (listing factors to be considered in granting or denying stay in children's court proceeding).

■ In her argument in support of her motion for stay, mother has relied on the factors found in the above-noted cases. We believe, however, that such factors, while analogously useful, are not sufficiently tailored to meet the needs in child custody proceedings. For that reason, we have determined that this appeal affords us the opportunity to announce specific factors to be considered by both the trial court and this court in deciding whether a motion to stay a trial court's custody order should be granted pending disposition of an appeal. These factors are (1) the likelihood of hardship or harm to the children if the stay is denied; (2) whether the appeal is taken in good faith and the issues raised are not frivolous; (3) the potential harm to the interests of the non-moving party if the stay is granted; and (4) a determination of other existing equitable considerations, if any.

*Likelihood of Hardship or Harm to Children if Stay Is Denied.*

In most cases involving injunctive relief, the applicant is the party who may be harmed by the refusal to grant the injunction. However, in this appeal, and in most custody cases, it is the children who will be most deeply affected by the order of the trial court changing custody. It is black letter law that in child custody matters, the primary consideration is the best interests of the child. *See* NMSA 1978, § 40–4–9 (Repl.Pamp.1989); *see also In re Doe*, 88 N.M. 505, 542 P.2d 1195 (Ct.App.1975) (in proceedings involving child custody the court is not merely a neutral arbiter but an advocate for the welfare of the child) (referred to as *Doe II*). Thus, our emphasis in these cases is not on the interests of either of the parents, but on the best interests of the children and how the children will be affected by the grant or denial of a stay pending resolution of the appeal on the merits.

In this appeal, the change of custody contemplated by the trial court's order involves a substantial disruption of the lives of the children. Specifically, implementation of the order changing custody involves taking both children out of the schools that they have attended in Maryland, moving them two thousand miles across the country, and enrolling them in a new school system in New Mexico. If the motion for stay is denied, the children will be subjected to this disruption at a time when the propriety of the order changing custody is still at issue. If mother's attack on the order on its merits is successful, the lives of the children would be disrupted a second time by their return to Maryland.

■ Without any indication that the health or safety of the minor children is in jeopardy, a presumption exists that keeping the status quo during the pendency of an appeal is in a child's best interests. *See Todd v. Peloso*, 12 Ark.App. 404, 680 S.W.2d 712 (1984) (En Banc) (motion for stay of order changing custody denied where effect of order is to leave child in custody of parent with whom he has lived for the previous three years and there is no allegation that parent is not properly caring for the child); *Ferreira v. Ferreira*, 9 Cal.3d 824, 512 P.2d 304, 109 Cal.Rptr. 80 (1973) (noting that stability of environment is in itself an important factor in the welfare of a child, absent allegations that the health or safety of the child is jeopardized in the environment). *Cf. Newhouse v. Chavez*, 108 N.M. 319, 772 P.2d 353 (Ct.App. 1988) (modification of custody may be granted only on showing of changed circumstances); H. Clark, *The Law of Domestic Relations* § 11.5, at 326 (1968) (discussing the need for stability in the lives of children). Otherwise, the entire daily routine and living conditions of children could be needlessly disturbed in the event the appellate court reverses the trial court's ruling. Absent imminent physical or emotional harm to the child, it would appear that generally the least change in a child's living situation is in his or her best interests.

In addition to the potential for disruption of the lives of the children that is inherent in the particular situation here, the affidavits presented by mother in support of the motion to stay demonstrate a substantial possibility of specific harm to the children that is not necessarily inherent in a typical change of custody proceeding. In support of her motion, mother presented materials to the trial court from four mental health professionals concerning the welfare of the children, and specifically the effects on the children of previous visitation with father in 1987 and 1988. Two of the mental health professionals had testified in the trial court in 1988, before the 1988 summer visit. The affidavits of these professionals also contained material that had not previously been presented to the trial court concerning the effects of the summer 1988 visit on the children and the mental health of the children in the spring of 1989. The materials from the other two mental health professionals concerned evaluations of the children in the spring of 1989 and the potential effects of additional long-term, unsupervised visitation with father in New Mexico. These affidavits were wholly new matters to be considered by the trial court for the first time on the motion to stay.

The affidavits discussed the signs of emotional disturbance exhibited by the children after the 1988 visit. Both boys were diagnosed as having post-traumatic stress syndrome that is severe in the older child and moderate in the younger child. After the summer 1988 visit, the children were withdrawn, anxious, depressed, and regressing in their behavior. The older child inflicted an injury on himself that took six months to heal. Dr. Straight considered this a sign of serious emotional disturbance in a child of his age. The younger child wet his bed on several occasions. Both boys were afraid of their father. Doctors Straight, Kurz, and Morris all expressed, in different terms, their professional opinions that a long-term, unsupervised visit with father would result in severe harm to the children.

Father, aside from his denial that he had done anything wrong, did not present any expert testimony concerning the welfare of the children at the hearing on the merits or at the hearing on the stay. Instead, at this court's hearing on the stay of the trial court's order, he argued that the children will not be harmed by denial of the stay because the trial court previously found he was a fit and proper person to have custody. In considering the request for a stay, we reject this argument. The issue here is not whether father is a fit person to have custody, but whether it is in the best interests of the children to allow the change of custody to proceed while the order changing custody is before this court on appeal and the merits of the appeal have not yet been resolved.

We believe father's argument ignores the potential hardship to the children if the stay is denied. There is no evidence whatsoever of physical or emotional harm to the children while in mother's custody. Instead, there is a relatively strong showing of substantial hardship and even possible harm to the children if the stay is not granted.

*Appeal Taken in Good Faith and Issues Not Frivolous.*

We realize that a party, having lost on an issue in the trial court, may appeal the trial court's decision simply to postpone enforcement of an order. In such cases, the losing party may also hope to delay the order's enforcement by filing a motion to stay, without any genuine expectations that he or she would succeed on appeal. For this reason, we believe it is essential that, before the granting of a stay, the facts of the particular case clearly show that the appeal is taken in good faith and that the issues raised are not frivolous and are fairly debatable.

Based on the facts and background of the proceedings in this appeal, we conclude that mother's docketing statement, as well as her arguments in support of her motion to stay, have raised a considerable number of fairly debatable and genuine issues. *See Doe I,* 103 N.M. at 32, 702 P.2d at 352. Some of these issues are jurisdictional in nature. Others appear to be issues of first impression involving not only jurisdictional

questions but areas of concern regarding the future custody of the parties' children. We have thus concluded that the issues raised in this appeal are not frivolous. In so doing, we express no opinion on the merits of the issues raised on appeal.

*Potential Harm to the Interests of Father.*

Father has argued that he will be harmed by the granting of the stay because he will be prevented from having a relationship with his children. Although we recognize that granting the stay in this case entails some hardship to father, we believe father overstates his potential harm.

Father's argument equates his interest in a relationship with his children with his interest in custody under the most recent court order. As we have already pointed out, however, issues of custody are not resolved on the basis of the parents' interests, but on the basis of the best interests of the children. Father's interest in custody depends on the validity of the court order changing custody. If the order is upheld on appeal, father's legitimate interest in custody will be delayed for the time necessary to resolve the appeal. This is definitely a hardship to father, but we believe it is substantially outweighed by the showing of hardship to the children if the stay is denied.

Besides, we do not believe that staying the order changing custody will prevent father from having a relationship with his children. This court has already ordered that father be allowed telephone contact with the children during the pendency of the appeal. Additionally, even if the order changing custody is stayed, prior orders of the court under which father has visitation rights are still in effect.

*Other Existing Equitable Considerations.*

We recognize that, in many instances involving child custody, there may be other important facts that should be considered by a trial or reviewing court in determining whether to grant or deny a motion to stay. Where applicable, we believe that such considerations should be taken into account by the court. None were raised in this appeal, however, either for or against the granting of the stay.

CONCLUSION

An abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of facts and circumstances. *State v. Lucero*, 98 N.M. 311, 648 P.2d 350 (Ct.App.1982). The grant or denial of a stay rests in the sound discretion of this court, and the stay will be granted only when we are satisfied that justice will be promoted. *Doe I.*

Having reviewed the pleadings, briefs and other documents filed at this stage in this appeal, we conclude that the trial court's denial of mother's motion to stay was an abuse of discretion. Mother's appeal raises issues that are fairly debatable, some of which appear to be issues of first impression. Our primary concern in this appeal, as in other custody determinations, is the best interests of the children.

In this case, the showing of hardship and possible harm to the children that might occur if the stay was denied substantially outweighs the showing of possible hardship to father if the stay was granted. Permitting the change of custody to proceed before the merits of the appeal are resolved could conceivably lead to a substantial disruption of the lives of the children. Additionally, mother made a specific showing of potential harm to the children if the stay was not granted. On the other hand, the only hardship father has shown in this case is the hardship inherent in delaying the change of custody pending the resolution of the appeal on the merits. Father's interest in preserving his relationship with his children is protected by previous orders of the trial court concerning visitation that continue in effect during the pendency of this appeal.

Mother's motion to stay is granted. The order of the trial court changing custody of the children from mother to father is

stayed pending the resolution of the merits of this appeal.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.