This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANI CHATTERJEE,**

Petitioner-Appellant,

v.                                                          **NO. 29,823**

**TAYA KING,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel Sanchez, District Judge**

Caren I. Friedman
Santa Fe, NM

Law Office of Lynn Perls
N. Lynn Perls
Albuquerque, NM

for Appellant

Kerri L. Allensworth
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

This case was before the district court on the petition of Bani Chatterjee, Appellant, to establish parentage and determine custody and time sharing of a child adopted by Taya King, Appellee, during the time that the parties lived together in a domestic relationship. The parties since separated, and Appellee and the child moved to Colorado. The district court dismissed Appellant's petition on the basis that it failed to state a claim upon which relief could be granted due to Appellant's lack of standing. Appellant filed a notice of appeal, and the case has been assigned to this Court's general calendar. Appellant filed her brief in chief on December 31, 2009. Appellant requested a stay and injunction pending appeal in the district court. The district court granted the motion, but left the determination for further contact between Appellant and the child solely to the discretion of Appellee. The case is before this Court on Appellant's Motion for Expedited Review of District Court's Action on Application for Stay.

We review the motion under Rule 12-207(D) NMRA to determine whether the district court's decision to deny the stay "(1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial evidence; or (3) is otherwise not in accordance with law." The first and third standards are linked in that a decision that is not in accordance with law is also an abuse of discretion. *See Clark v. Sims*,

2

2009-NMCA-118, ¶ 20, 147 N.M. 252, 219 P.3d 20 (reiterating that "we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law" (internal quotation marks and citation omitted)); *see also Chavez v. Lovelace Sandia Health Sys., Inc.*, 2008-NMCA-104, ¶ 25, 144 N.M. 578, 189 P.3d 711 (holding that "[a] trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law"); *Ferrell v. Allstate Ins. Co.*, 2007-NMCA-017, ¶ 7, 141 N.M. 72, 150 P.3d 1022 (filed 2006) (holding that "the general rule is that a district court always abuses its discretion when it makes a legal error"), *rev'd on other grounds*, 2008-NMSC-042, 144 N.M. 405, 188 P.3d 1156.

We conclude that there was an abuse of discretion in this case because the district court did not properly perceive its legal position with regard to the motion for a stay. At the July 7, 2009 hearing on the motion, the district court stated that it weighed the factors required for its analysis by *Alpers v. Alpers*, 111 N.M. 467, 470, 806 P.2d 1057, 1060 (Ct. App. 1990) (stating that, in addressing the stay of a custody order, the court should consider "(1) the likelihood of hardship or harm to the children if the stay is denied; (2) whether the appeal is taken in good faith and the issues raised are not frivolous; (3) the potential harm to the interests of the non-moving party if the stay is granted; and (4) a determination of other existing equitable considerations, if any"). After weighing these factors, the district court concluded that a stay was proper

and granted a stay of its order dismissing the petition. The district court nevertheless concluded that permitting Appellant visitation or contact with the child other than at the sole discretion of Appellee would be inconsistent with its ruling dismissing the petition.

Although we agree with the district court that permitting contact with the child by Appellant would be inconsistent with the district court's determination that Appellant had no standing in this case, we do not agree with the district court's legal understanding that the scope of the stay had to be consistent with the court's ruling. According to Black's Law Dictionary 1453 (8th ed. 2004), stay is defined as "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." The granting of an application for stay in a custody matter is not a matter of right but rather an exercise of judicial discretion. *Alpers*, 111 N.M. at 469, 806 P.2d at 1059. In *Alpers*, the district court changed custody of two children from the mother to the father. *Id.* The mother moved for a stay of the custody order, which was denied by the district court. *Id.* Our Court reversed and stayed enforcement of the custody order pending the resolution of the merits on appeal. *Id.* at 472-73, 806 P.2d at 1062-63. Allowing custody to remain with the mother was clearly inconsistent with the district court's order transferring custody to the father. Whether imposition of a stay is inconsistent with an order is not the question. Rather, the district court

must consider the *Alpers* factors and then decide if imposition of a stay is appropriate under the circumstances of the particular case. Accordingly, to the extent that the district court believed that in this case, any grant of visitation rights had to be consistent with its ruling, the district court was in error. As a result, the district court abused its discretion in its consideration of the motion for stay pending appeal.

We therefore grant Appellant's motion and remand this matter to the district court with the following direction.

1. One of the *Alpers* factors turns on "the likelihood of hardship or harm to the children if the stay is denied." *Id.* at 470, 806 P.2d at 1060. Whether there should be visitation and contact between the child and Appellant, and to what extent, is dependent on how it affects the child, and this is a fact question to be determined by the district court.

2. Appointment of a guardian ad litem is discretionary with the district court. NMSA 1978, § 40-4-8(A) (1993). Within twenty-one days of entry of this opinion, the district court shall hold a hearing on this issue.

3. If the district court determines that a guardian ad litem is not necessary in this case, a hearing on Appellant's motion for stay, including the issue of contact and visitation with the child by Appellant, shall be held and an order entered as soon thereafter as practicable.

4.    If the district court determines that a guardian ad litem should be appointed, the district court shall establish a timetable during which the guardian ad litem should complete any required work.  As soon thereafter as practicable, a hearing on Appellant's motion for stay, including the issue of contact and visitation with the child by Appellant, shall be held and an order entered.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**