This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GREGORIO and BONITA ROSALES,**
**husand and wife, and**
**CHRIS FICHERA and LOURDES FICHERA,**
**husband and wife,**

Plaintiffs/Counterclaim-Defendants-Appellees,

v.                                                          NO. 32,752

**MIGUEL P. ROSALES,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

John R. Hakanson
Alamogordo, NM

for Appellees Gregorio and Bonita Rosales

Chris Fichera and Lourdes Fichera
Alamogordo, NM

Pro se Appellees

Miguel P. Rosales

Alamagordo, NM

Pro se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant and counterclaimant Miguel P. Rosales (Defendant) appeals a judgment in favor of Plaintiffs on his counterclaim against them.  In our notice of proposed summary disposition, we proposed to affirm.  Defendant has filed a memorandum in opposition, along with several motions, which this Court has duly considered.  We deny his motion to disqualify several attorneys and to revoke their licenses, as an appeal from the district court's judgment is not the proper procedure for seeking such relief.  We also deny his motion for relief from the district court's judgment, as this Court is an appellate court, and such a motion must be filed in the district court in the first instance.  *See* Rule 1-060(B) NMRA (governing motions for relief from judgment in the district court in civil cases).  We grant his motion to amend his docketing statement to clarify his issues.  Normally, when a party files an amended docketing statement to raise new issues, this Court issues a second calendar notice to address the issues that were not raised in the original docketing statement. However, Defendant's amended docketing statement simply clarifies his original

docketing statement, and the two issues he raises are the two issues that this Court addressed in its original calendar notice. Therefore, the only issues raised by Defendant have already been addressed by this Court, and Defendant has had the opportunity to respond in his memorandum in opposition to this Court's proposed analysis of those claims of error. As we do not find Defendant's arguments persuasive, we affirm.

**Denial of the Motion to Disqualify the Attorney for Two Plaintiffs**

{2} Defendant contends that the district court erred in denying his motion to disqualify an attorney, John Hakanson, who entered an appearance for Plaintiffs Gregorio Rosales and Bonita Rosales.[1] [Amended DS at p. 3 of 6] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in refusing to disqualify Hakanson. Generally, absent a compelling reason, parties who retain counsel in a civil case are entitled to select their own attorney. *Sanders v. Rosenberg*, 1997-NMSC-002, ¶ 9, 122 N.M. 692, 930 P.2d

---

[1]Our notice of proposed summary disposition incorrectly stated that Hakanson was entering an appearance on behalf of Plaintiffs Chris Fichera and Lourdes Fichera. Defendant points out this error in his memorandum in opposition, and points out that, after Lori Gibson withdrew as counsel for all four Plaintiffs, and Hakanson entered an appearance for Gregorio Rosales and Bonita Rosales, no attorney entered an appearance for the Ficheras. We regret the misstatement in our notice, but as the identity of Hakanson's clients does not affect the analysis of whether he should have been disqualified under the facts of this case, it does not change the disposition of this appeal.

1144 (stating that parties have a right to select their own counsel and that disqualification of that counsel will only be for a compelling reason). It was Defendant's burden to prove that disqualification was required. *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 23, 292 P.3d 466 (stating that the burden lies with the party seeking disqualification). We proposed to hold that Defendant had failed to establish that Plaintiffs had to actually be adverse to the other Plaintiffs in order to select their own counsel, that he had failed to establish that it was improper for Hakanson to hire an unlicensed attorney to work for him, and that Defendant had failed to establish that the unlicensed attorney's consultation with another family member of the parties warranted Hakanson's disqualification.

{3} In Defendant's memorandum in opposition, he argues that it was Hakanson's burden to demonstrate that he was fit to enter an appearance in the case, and because he did not do so, the motion to disqualify should have been granted. [Amended DS at p. 6 of 6] However, the cases upon which Defendant relies in order to argue that Hakanson had to prove that he was fit involve an attorney's efforts to become licensed, a matter not at issue here. *See Schware v. Bd. of Bar Exam'rs of N.M.*, 60 N.M. 304, 307, 291 P.2d 607, 609 (1955) ("The cases are numerous, too, which hold that by asking admission into the legal profession an applicant places his good moral character directly in issue and bears the burden of proof as to that issue."), *rev'd* 353

3

U.S. 232 (1957). Once Hakanson had been admitted to the New Mexico bar and entered an appearance on behalf of his clients, it was not Hakanson's burden to demonstrate that he was fit, but Defendant's burden to demonstrate that Hakanson should be disqualified. *See Roy D. Mercer, LLC*, 2013-NMSC-002, ¶ 23.

{4}     Defendant's memorandum in opposition also discusses a number of facts that were not included in the affidavit presented to the district court. We do not consider this new information. The "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. Therefore this Court will not consider a party's new factual assertions on appeal. *See id.*

{5}     Defendant's memorandum in opposition does not demonstrate that the district court erred in refusing to disqualify Hakanson from representing two Plaintiffs, and we therefore conclude that he has not established reversible error on this basis.

**The Judgment In Favor of Plaintiffs**

{6}     Defendant contends that the district court erred in entering a judgment in favor of Plaintiffs on Defendant's counterclaim against them. [Amended DS at p. 3 of 6] In our notice of proposed summary disposition, we noted that after the district court ruled that Hakanson would not be disqualified, it asked Defendant if he was ready to proceed with his counterclaim against Plaintiffs. Defendant declined to proceed, and

the district court granted a judgment in favor of Plaintiffs. [RP 155-56] We proposed to find no error in the district court's judgment. By failing to introduce any evidence in his case, Defendant failed to establish his claim for larceny, and we therefore proposed to hold that the district court did not err in entering a judgment in favor of Plaintiffs.

{7}     In Defendant's memorandum in opposition, he argues that because he advanced his motion to disqualify Hakanson and moved for a continuance to add additional arguments on disqualification, he should have been relieved of his responsibility to produce evidence of his claim of larceny on the date of trial. We disagree. The case had been set for trial for over six months. It was Defendant's burden to prove his larceny claim against Plaintiffs, and he cites no authority to support any argument that he was relieved of this burden due to his dissatisfaction with the district court's ruling regarding Hakanson. Where a party cites no authority in support of a proposition, we presume that it is because there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

{8}     Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{9}     **IT IS SO ORDERED.**

_____

5

                    **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**