This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELIZABETH GAVRIELIDES GABRIEL**
**and ATHANASIOS GAVRIELIDES,**

Plaintiffs/Counterdefendants-Appellants,

v.                                                      **NO. 34,040**

**PHILIP T. McGRATH, JULIE S. McGRATH**
**a/k/a JULIA MARIE SWENSON, and JOHN SWENSON,**

Defendants/Counterclaimants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Huling, District Judge**

Elizabeth Gavrielides Gabriel
Pro se, and as attorney for Athanasios Gavrielides
Albuquerque, NM

for Appellants

Law Office of B. Kay Shafer, P.C.
B. Kay Shafer
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Appellants Elizabeth Gavrielides Gabriel (Gabriel) and Athanasios Gavrielides (Gavrielides) appeal from the dismissal of their claims, with prejudice, against Appellees Philip T. McGrath, Julie S. McGrath, and John Swenson. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Appellants filed a memorandum in opposition and Appellees filed a memorandum in support, both of which we have duly considered. For the reasons stated in the notice of proposed disposition and below, we affirm.

{2}     **Issue A:** In our notice of proposed disposition, we noted that the district court dismissed Appellants' claims as a sanction before this case proceeded to trial. [CN 4] Therefore, we were not persuaded by Appellants' argument that the district court violated the Americans with Disabilities Act (ADA) and the New Mexico Human Rights Act (NMHRA) by ordering Gabriel, a licensed attorney in New Mexico, to proceed to trial despite her physical disability. [CN 2-4] We instructed Appellants that, to the extent they could demonstrate otherwise in a memorandum in opposition, they were required to develop this argument with legal and factual support. [CN 4-5]

*See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}    In their memorandum in opposition, Appellants do not dispute that the district court dismissed Appellants' claims as a sanction before this case proceeded to trial. [MIO 8] Indeed, Appellants assert that, despite the fact that they were ready to proceed to trial, the district court dismissed their claims with prejudice. [MIO 8] We note that Appellants' assertion that they were ready for trial is directly contrary to the district court's finding that "[o]n March 3, 2014, the date for the trial on the merits, [Appellants] were not ready to proceed to trial." [RP Vol.4/1613 (FF ¶ 97)] Nevertheless, regardless of whether Appellants were ready for trial the district court dismissed Appellants' claims before the scheduled trial. Because there was no trial, we cannot see how Gabriel was compelled to proceed to trial with an alleged physical disability in violation of the ADA and NMHRA.

{4}    Moreover, we note that the district court gave Appellants an opportunity to show that a lesser sanction was more appropriate and to retain counsel should a trial be warranted, but Appellants did not avail themselves of these orders, resulting in a written order of dismissal and no trial. [CN 4] Therefore, we conclude that Appellants' ADA and NMHRA claims lack merit.

3

**{5}** **Issues B & C:** As more fully detailed in our calendar notice, this matter had been pending since April 8, 2011; trial was scheduled for March 3, 2014; days before trial, on February 27, 2014, Gabriel claimed that she had medical problems that would affect her ability to participate in the trial; the district court, perceived this claim as an attempt to delay trial and advised both parties that failure to appear for trial would result in sanctions; on the day of trial, Gabriel filed for a motion for continuance to retain new counsel, and the district court orally dismissed Appellants' claims with prejudice. [CN 3-4, 8-9] Subsequently, the district court entered detailed findings of fact and found that Gabriel had failed to comply with court orders and had made intentional misrepresentations to the court on multiple occasions. [CN 6-9] While the district court determined that sanctions were warranted, the court indicated that a lesser sanction may be appropriate if Appellants could prove that certain tax forms were filed with the Internal Revenue Service, as they had represented to the court, and the district court ordered Appellants to retain counsel and file proof that they retained counsel. [CN 4, 9] Appellants failed to comply with these orders. [CN 4, 9] Given these circumstances, we proposed to conclude that the district court did not abuse its discretion in dismissing Appellants' claims with prejudice. [CN 5-9]

**{6}** In their memorandum in opposition, Appellants assert: "As can be seen from the record, Appellants complied with the court's orders to the best of their ability[.]"

4

[MIO 8] Additionally, Appellants insist that the district court misstated the facts, Appellees made misrepresentations to the district court, and noncompliance with court orders was due to prior counsel's failures. [MIO 8-12] Essentially, Appellants are arguing that conflicting evidence existed and the district court made improper credibility determinations. But these issues are outside the scope of this Court's appellate review. As an appellate court, "we defer to the findings of the trial court because it is the duty of that court to weigh credibility of witnesses and to resolve conflicting evidence." *Sanders v. Rosenberg*, 1997-NMSC-002, ¶ 11, 122 N.M. 692, 930 P.2d 1144. "Because the trial court is in a better position than we are to make the findings of fact, we view that evidence in the light most favorable to support the court's decision." *Id.*

{7}     For the reasons set forth in our calendar notice, we conclude that the district court did not abuse its discretion in dismissing Appellants' claims with prejudice because there was substantial evidence to support the district court's decision. *See Enriquez v. Cochran*, 1998-NMCA-157, ¶ 20, 126 N.M. 196, 967 P.2d 1136 (stating that "implicit in the [abuse of discretion] standard of review is the question of whether the court's findings and decision are supported by substantial evidence"); *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("The question is not whether substantial evidence exists to support the

5

opposite result, but rather whether such evidence supports the result reached.").

**{8}** **Issues D &E:** We proposed to conclude that the issue of damages is moot because the district court dismissed Appellants' claims as a sanction. [CN 9-10] In response, Appellants assert that "[t]he issue of damages is not moot if the Court finds that the district court improperly dismissed the cause[.]" [MIO 12] As discussed above, the district court did not err in dismissing Appellants' claims; therefore, the issue of damages is moot.

**{9}** **Issue F:** In our calendar notice, we said it did not appear that Appellants preserved their argument that the district court judge exhibited animus and bias toward them. [CN 10] Without any citation to authority, Appellants argue that it was too late to disqualify the district court judge by the time they realized the judge's animus and bias. [MIO 12] While we note that the time to file a peremptory challenge may have expired, *see* Rule 1-088.1 NMRA, we are not convinced that this excused Appellants from filing a motion to disqualify the district court judge for cause if they believed the judge was exhibiting animus and bias towards them. *See, e.g., United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶¶ 5, 44, 96 N.M. 155, 629 P.2d 231 (stating that GAC moved to disqualify the judge after the trial had commenced). Even if Appellants had preserved this issue, criticism of counsel by the court and adverse rulings against Appellants "do not necessarily evince a personal bias or prejudice on

the part of the judge[.]" *See id.* ¶¶ 424-25.

{10}    Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{11}    **IT IS SO ORDERED.**


_____
                                **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**