392 P.2d 12

STATE of New Mexico ex rel. S. E. REYN-OLDS, State Engineer, and Pecos Valley Artesian Conservancy District, Plaintiffs-Appellees,

v.

Joe P. McLEAN, Defendant-Appellant.

No. 7394.

Supreme Court of New Mexico.

May 4, 1964.

H. C. Buchly, Roswell, for appellant.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Special Asst. Atty. Gen., Roswell, for appellee.

MOISE, Justice.

Appellant herein seeks a review of proceedings affecting him in the suit for ad-judication of water rights in the Roswell Artesian Basin originally filed in 1956. Appellant and his interests were brought in by orders 33 and 35 joining additional parties.

After trial before the Special Master, a report was duly filed by the Special Master. Appellant filed his objections to the report. A hearing was had before the district judge, and at its conclusion the court announced that the report would be confirmed. Both appellant and appellee filed requested findings of fact and conclusions of law. On January 16, 1963, the court filed its "Decision" and, on the same day, an "Order" re-fusing and denying all requested findings and conclusions in conflict with those made by it was entered. This was followed by a motion for an appeal "from the order filed in the above entitled cause on the 16th day of January, 1963," and an order allowing the appeal therefrom. No other order or judgment affecting appellant or his rights appears to have been entered.

In this posture of the case, is there a final appealable order or judgment so as to give us jurisdiction?

Section 21–2–1(5) (1), N.M.S.A.1953, provides for appeals from final judgments. § 21–2–1(5) (2), N.M.S.A.1953, permits appeals from certain interlocutory judgments, orders, or decisions. In the instant case

we have neither a final judgment nor an appealable interlocutory judgment, order or decision.

In State ex rel. Reynolds v. Sharp, 66 N. M. 192, 344 P.2d 943, we held that the order there entered determining the amount, purpose, periods, place of use, and specific tract of land to which it was appurtenant, was a final order and accordingly appealable. The instant appeal arises out of the same proceeding, and if an order had been entered, under the authority of that case it would have been appealable.

The difficulty arises because no order was ever entered carrying into effect the decision of the court. In Zellers v. Huff, 57 N. M. 609, 261 P.2d 643, the defendants had been adjudged guilty of contempt but no sentence had been imposed. We there said:

"In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. (Citing cases). A sentence must be *imposed* to complete the steps of the prosecution. Until sentence is imposed there is no finality of the judgment. The sentence is the judgment. (Citing cases).

"In the instant case the adjudication of contempt of court is plain and unequivocal, but since there was no judgment or sentence pronounced, it was still pending and further judgment was necessary. Consequently, it was not ripe for review as a right in any form."

The last occasion we had to consider this question arose in State v. Morris, 69 N.M. 89, 364 P.2d 348. The following is quoted therefrom:

"In the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the court and signed by the judge thereof. State v. Thorne, 39 Wash.2d 63, 234 P.2d 528; State v. McClain, 186 Tenn. 401, 210 S.W.2d 680.

An oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but he can change such ruling at any time before the entry of a final judgment. State v. McClain, supra."

The situation is the same whether the ruling is oral or stated in a "decision" and whether the case is criminal or civil. § 21-2-1(5) (3), N.M.S.A.1953.

This attempted appeal is premature and must be dismissed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.