THE STATE OF OHIO, APPELLEE, *v.* DIXON, APPELLANT.

(No. 1896—Decided September 4, 1984.)

*James A. Berry,* prosecuting attorney, for appellee.
*Janie O. Skogstrom,* for appellant.

WEBER, J. Appellant, James A. Dixon, was convicted of a violation of R. C. 4511.19, driving while intoxicated, and was sentenced to three days in jail by the Springfield Municipal Court. He appeals the sentence (not conviction) to this court, alleging two assignments of error.

Appellant's first assignment of error states that the trial court erred by not crediting him with time served in jail before trial from arrest to release, pending posting of bond. While it is true that R. C. 4511.99(A)(1) requires a minimum sentence of three days in jail (seventy-two consecutive hours) for a violation of R. C. 4511.19, it does not follow that

that sentencing statute prohibits credit for time served, under the mandatory provisions of R. C. 2949.08. When the legislature enacted the provisions of R. C. 4511.99, the sentencing of minimum penalties was very specifically exempted from the applicability of statutes authorizing suspension of sentence and work release. R. C. 4511.99(A)(4) and (5).

Given the specificity of the legislature's exemptions, we must assume that it intended the provisions of R. C. 4511.99 to be exempt from only those enumerated in the statute. It is further presumed that the legislature was aware of its previous enactment of R. C. 2949.08, which requires credit for each day (eight hours served on each date) that a defendant has spent in custody prior to conviction. The time spent in jail must be stated on the defendant's record of conviction (R. C. 2949.08[B]) and the defendant must be given credit for that time (R. C. 2949.08[C]).

As the legislature was aware of R. C. 2949.08, and did not enumerate its provisions as not applying to sentences under R. C. 4511.99, we hold that it was the intention of the legislature that sentences under R. C. 4511.99 were not exempt from the operation of R.C. 2949.08.

Although appellant alleges that the trial court stated that credit could not be given on the three-day sentence because R. C. 4511.99 prohibited it, there was no transcript filed and the record is void of any indication that the trial court so held. As the state did not file a brief in this case, no assistance regarding the record was provided by appellee.

In the absence of any such indication on the record, we cannot find that appellant was not given credit for his time served because of the supposed prohibition to do so under R. C. 4511.99. Appellant's court record merely indicates that he was sentenced to three days in jail, and it is not known whether credit for his eleven and one-half hours spent in custody was not given as an oversight, whether the credit for the time was inadvertently not recorded on his conviction record, or whether he was actually sentenced to four days in jail with one day credited but not recorded in the proper manner.

In view of our holdings that R. C. 4511.99 does not prohibit credit for time served which credit is required by R. C. 2949.08, and in light of the state of the record submitted to us, we remand this cause to the trial court for further clarification of its sentence.

As R. C. 4511.99(A)(1) does not exclude credit for time served, appellant's argument that the statute is unconstitutional under assignment of error one is overruled. Authority cited by appellant, although applicable to a situation where credit was prohibited from being given, does not apply in this case. The trial court does not have discretion to credit or not credit time served in *lieu of the posting of bond* toward a sentence imposed for the conviction of a misdemeanor; credit is mandatory under R. C. 2949.08. Because credit is mandatory and must be given under R. C. 4511.99, indigents who are unable to make bail are not unduly prejudiced. Therefore, appellant's argument that R. C. 4511.99 is unconstitutional because it allegedly discriminates against indigents, as stated in his second assignment of error, is also without merit.

The judgment of the trial court is affirmed, but the sentence is reversed and that issue is remanded to the trial court for resentencing pursuant to our holdings.

*Judgment accordingly.*

BROGAN, P.J., and WILSON, J., concur.