1999-NMCA-025

973 P.2d 261

**In re the CONSERVATORSHIP OF the Estate of John R. CHISHOLM, A Minor**

**Kay G. Chisholm and Desert States Life Management, Petitioners–Appellees,**

v.

**Alex Chisholm, Respondent–Appellant.**

**No. 18510.**

Court of Appeals of New Mexico.

Dec. 23, 1998.

Certiorari Granted, No. 25,554, Feb. 5, 1999.

David J. Stout, Carpenter & Chavez, Ltd., Albuquerque, for Appellee Desert States Life Management.

Alex Chisholm, Albuquerque, Pro se Appellant.

## OPINION

APODACA, Judge.

{1} Respondent (Father) appeals the district court's appointment of Petitioner Desert States Life Management (Conservator) as conservator of the estate of his minor son (Child). Father previously negotiated a settlement with Presbyterian Health Care Services to settle claims against Presbyterian arising from injury to Child at birth. Father then established a trust to administer the settlement estate and named himself as the sole trustee of the trust. Child's mother (Mother) initially filed a petition seeking appointment as conservator of Child's estate. Later, at the first hearing held by the district court, Mother withdrew her petition for her appointment and sought instead the appointment of Conservator. On appeal, Father challenges the district court's power to appoint a conservator and the court's failure to enter findings of fact. We hold that the district court properly appointed Conservator and did not err in failing to enter written findings. We therefore affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} Under the settlement agreement, Presbyterian was obligated to pay three annual $100,000 payments and $3000 per month throughout Child's life. At the filing of Mother's petition, the trust held, as an asset, Child's residence that had been acquired with monies paid by Presbyterian in 1996, and which had been remodeled and equipped to meet Child's medical needs. Father does not dispute that over $40,000 of the Presbyterian payment went to pay his own personal debts, and the propriety of such expenditure was at issue in the district court. Throughout this proceeding, in arguing against the appointment of a conservator, Father has maintained that the settlement was intended to benefit the entire family, not just Child, and additionally, that the trust was the preferred mechanism to manage Child's assets.

{3} In response to Mother's petition, the district court appointed a guardian ad litem and issued notice of hearing. Father answered the petition, asserting that the trust made a conservatorship unnecessary. After the guardian ad litem filed a report, the district court appointed Conservator as temporary conservator and ordered Presbyterian to make future payments under the settlement agreement to the court registry. Father filed an extensive response with affidavits and supplementing documents to the guardian ad litem's report.

{4} Following a second hearing, the district court amended its previous order so that Presbyterian would make payment of the principal remainder on the mortgage on Child's residence directly to a financial institution and pay the balance of any amounts due into the court registry. Father next filed an accounting accompanied with financial records. In response, Conservator filed a motion asking the district court to review Father's accounting and appoint it permanent conservator. Before the hearing on the motion, the guardian ad litem submitted a supplemental report. After a hearing in which the parties argued their respective positions, the district court entered an order appointing Conservator as permanent conservator and directing that all assets in the court registry and the trust be delivered to Conservator. Father appeals from that order.

## II. DISCUSSION

### A. Standard of Review

{5} We are not bound by the district court's conclusions of law and may independently draw our own. *See Whitehurst v. Rainbo Baking Co.*, 70 N.M. 468, 470, 374 P.2d 849, 850 (1962).

## B. The District Court's Failure to Issue Findings of Fact and Conclusions of Law

{6}   Father first argues that the district court erred in failing to issue findings of fact and conclusions of law when requested to do so. Father specifically contends that the court committed error by omitting a finding that "conservatorship is appropriate as the least restrictive form of intervention consistent with the preservation of [Child's] property," contrary to the dictates of NMSA 1978, § 45-5-407(I)(4) (1998).

{7}   Father bases his argument that findings of fact and conclusions of law were required by both Rule 1-052(B)(1)(a) NMRA 1998 (court's decision in trial without jury shall consist of written findings of fact and conclusions of law) and Subsection 45-5-407(I) of the New Mexico Uniform Probate Code.

{8}   The Uniform Probate Code governs conservatorship proceedings. *See* NMSA 1978, §§ 45-5-401 to -432 (1975, as amended through 1998). We therefore address only the district court's obligations under the Uniform Probate Code. Our effort in construing the Uniform Probate Code is to ascertain the intent of the Legislature. *See Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 44, 121 N.M. 821, 918 P.2d 1321. In doing so, we analyze a statute in its entirety, construing each part to achieve a harmonious result. *See Key v. Chrysler Motors Corp.*, 1996-NMSC-038, 121 N.M. 764, 769, 918 P.2d 350, 355. This analysis requires us to read each provision of the Uniform Probate Code together with and in relation to the other provisions. *See Citizens for Incorporation, Inc. v. Board of County Comm'rs*, 115 N.M. 710, 717, 858 P.2d 86, 93 (Ct.App.1993) ("When construing a statute, the entire act is to be read together so that each provision is to be considered in relation to the others."). Applying these established principles to Article 5 of the Uniform Probate Code, we hold that Subsection 45-5-407(I) does not apply to a petition for appointment of a conservator based on minority.

{9}   The applicable provisions appear in both NMSA 1978, § 45-5-401 (1993) and Section 45-5-407. Section 45-5-401 is divided into two subsections. Subsection A applies to the estate and financial affairs of a minor, and Subsection B applies to a person other than a minor. As pertinent to this appeal, Subsection 45-5-401(A) permits a court to appoint a conservator of the estate and financial affairs of a minor "if the court determines that: (1) a minor owns property that requires management or protection that cannot otherwise be provided; [or] (2) a minor has or may have financial affairs that may be jeopardized or prevented by his minority."

{10}   As we noted previously, Father's principal argument on appeal is that the district court failed to follow the requirements of Section 45-5-407. That section spells out the procedure for court appointment of a conservator. It lists the procedures to be followed by the district court after the filing of a petition for appointment of a conservator. At the heart of Father's argument is the assertion that the district court failed to find by "clear and convincing evidence" the findings required under Section 45-5-407, particularly that conservatorship was the least restrictive form of intervention. Father contends that there is no record of "clear and convincing evidence when no evidence was presented" by Conservator at the hearing.

{11}   The Legislature divided Section 45-5-407 into seventeen subsections, A through Q. Subsection 45-5-407(A) is the only subsection that specifically applies to a conservatorship based on the minority of the person to be protected. Several of the other subsections of Section 45-5-407 explicitly do not apply to the appointment of a conservator for a minor's estate. *See* § 45-5-407(B) (petition for reasons other than minority); § 45-5-407(C) (incapacitated person); § 45-5-407(D) (appointment of visitor to evaluate and recommend regarding ability of person to be protected to manage financial affairs); § 45-5-407(J) (appointment of limited conservator if incapacitated person is able to manage some aspects of estate and financial affairs); § 45-5-407(K) (limiting supervisory powers of conservator).

{12} To be sure, there is a sharp distinction, as Conservator argues, between the appointment of a conservator based on minority and the appointment when the person to be protected is not a minor. A minor is, by his or her objectively ascertained legal age, incapable by law of managing his or her estate and financial affairs. *See Mason v. Mason*, 84 N.M. 720, 723, 507 P.2d 781, 784 (1973) (minority is a legal status conditioned primarily upon age). In contrast, the court assumes an adult is capable of managing his or her affairs. When the court appoints a conservator for an adult, it must find the person incapacitated and unable to manage an estate and financial affairs. *See* § 45–5–401(B).

{13} Many provisions of Section 45–5–407, however, have general applicability. For example, the person to be protected is entitled to be present at a hearing on the petition. *See* § 45–5–407(E). Also, the New Mexico Rules of Evidence apply to the hearing. *See* § 45–5–407(L). A record shall be made if requested. *See* § 45–5–407(M). The person to be protected may request the hearing be closed, or request a jury trial. *See* § 45–5–407(O), (P). Additionally, the court shall provide a copy of an order appointing a conservator to the person for whom the conservator was appointed and that person's counsel. *See* § 45–5–407(Q).

{14} We use the statutory structure to ascertain legislative intent. *See Meridian Oil, Inc. v. New Mexico Taxation & Revenue Dep't*, 1996–NMCA–079, ¶ 12, 122 N.M. 131, 921 P.2d 327 (" 'The starting point in statutory construction is to read and examine the text of the act and draw inferences concerning the meaning from its composition and structure.' " (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.01, at 136 (5th ed.1992))) (footnote omitted). Doing so, and for the reasons that follow, we determine that the structure of Section 45–5–407 indicates that Subsection I does not apply to a petition for appointment of a conservator for a minor's estate.

{15} Subsection I immediately follows Subsection H. This fact is significant to our construction of the statute. Under Subsection H, if the court determines that the person to be protected has the capacity to manage his or her estate or financial affairs, or both, the court shall dismiss the petition. This subsection, then, obviously does not apply when the person to be protected is a minor because a minor is by law considered under legal disability. Consequently, a court does not determine a minor's management capacity. We believe Subsection I provides an alternative to dismissing the petition in a case involving a nonminor under Subsection H. *See* § 45–5–407(I) (beginning with the word "[a]lternatively"). Because Subsection I is an alternative to dismissal of the petition in a case involving a nonminor, the scope of this alternative likewise is also limited to cases involving nonminors.

{16} Additionally, we determine that Subsection I(1) signifies that Subsection I does not apply to appointments of conservators for minors. Subsection I(1) requires a finding of "clear and convincing evidence that . . . the person to be protected is totally incapacitated or is incapacitated only in specific areas as alleged in the petition." As we noted previously, however, the law presumes a minor to be incapacitated and does not demand a finding of clear and convincing evidence on this issue. *See Mason*, 84 N.M. at 723, 507 P.2d at 784. For that reason, the requirement of Subsection I(1) would be superfluous to a conservatorship involving a minor. That fact in turn buttresses our determination that the structure of Section 45–5–407 signifies legislative intent to apply Subsection I to appointment of a conservator for a nonminor only. It follows that Subsection 45–5–407(I)(4) did not require the district court to find by clear and convincing evidence that the conservatorship was the "least restrictive form of intervention."

{17} Rather, Subsections 45–5–401(A)(1), (2) (proceedings for appointment of a conservator for a minor), only required the district court to determine that Child owned property requiring management or protection that could not otherwise be provided or that his financial affairs "may be jeopardized or prevented by his minority." We believe the district court implicitly made these determinations when it ruled that the entry of an order appointing of a conservator was prop-

er. At the hearing, the district court heard legal arguments and received exhibits concerning these requirements. A review of the transcript, hearings, court exhibits, and order appointing Conservator indicates to us that the district court made its decision in accordance with Section 45–5–401(A). Based on our construction of the statute, the court was not required to make determinations by clear and convincing evidence under Section 45–5–407(I), as argued by Father.

{18} Additionally, "[i]n order for error to be reversible, it must be prejudicial." *In re Conservatorship & Guardianship of Pulver*, 117 N.M. 329, 331, 871 P.2d 985, 987 (Ct.App. 1994). Father has not shown us how the district court's failure to enter written findings of fact and conclusions of law prejudiced him. Consequently, we will not reverse on that basis.

### C. Court's Power to Appoint Conservator

{19} The other issues Father raises relate to the ability of the district court to appoint a conservator to manage or protect property that is currently held in Child's trust. According to Father, he and Mother entered into the settlement agreement with Presbyterian for the benefit of the Chisholm family, not just Child. He thus contends that the district court may not disregard the trust in the best interests of Child and also that the district court could not take action concerning the trust without following the procedures of NMSA 1978, § 45–7–206 (1975) (guidelines to initiate proceedings for district court's review of trusts).

■ {20} We disagree with Father that Section 45–7–206 applies to this proceeding and that unnamed future beneficiaries who may be entitled to the remainder interests of Child's trust must be given notice. Section 45–7–206 relates to "proceedings initiated by interested persons concerning the internal affairs of trusts" under NMSA 1978, § 45–7–201(A) (1975). Such proceedings are defined in Subsection 45–7–201(B) as "those concerning the administration and distribution of trusts, the declaration of rights and the determination of other matters involving trustees and beneficiaries of trusts." The statute notes that such proceedings concerning the internal affairs of trust include those to:

(1) appoint or remove a trustee;

(2) review trustees' fees and to review and settle interim or final accounts; and

(3) ascertain beneficiaries, determine any question arising in the administration or distribution of any trust including questions of construction of trust instruments, instruct trustees and determine the existence or nonexistence of any immunity, power, privilege, duty or right.

*Id.*

%{21} In this appeal, the issue concerning the trust is whether Father properly placed the settlement proceeds in the trust. This question is conceptually different from the technical and daily operations of the trust. Additionally, the issue arises in the context of a conservatorship proceeding in which the district court may consider the best interests of the child. *See Sanders v. Rosenberg*, 1997–NMSC–002, ¶ 10, 122 N.M. 692, 930 P.2d 1144 ("It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] 'best interests of the children.'" (quoting *In re Adoption of Francisco A.*, 116 N.M. 708, 716, 866 P.2d 1175, 1183 (Ct.App. 1993))). We therefore do not consider Section 45–7–206 as controlling the proceedings here.

■ {22} In arguing the issue of whether the district court acted properly in appointing Conservator, the parties in passing apparently dispute the purposes and beneficiaries of the settlement agreement. Conservator claims the settlement agreement was entered only to settle negligence claims on behalf of Child. Father contended in the district court and contends now on appeal that the settlement was intended to benefit the entire family. No evidence on that question was adduced in the district court, however. The record does not even reflect that the district court decided the question concerning the dispute over the purposes or beneficiaries of the settlement agreement. Instead, the record reflects only that the district court orally made a passing reference to the question, but its final order, from which

Father appealed, did not decide the issue. The district court did not consider evidence and did not rule on the question. For these reasons, the issue is not properly before us. *See State ex rel. Reynolds v. McLean,* 74 N.M. 178, 180, 392 P.2d 12, 13 (1964) (holding that a trial judge's oral ruling is not a final judgment but merely evidence of the court's decision).

{23} We thus view the substance of Father's appeal as essentially challenging only the district court's procedure for appointing a conservator for a minor. We interpret the district court's order only as appointing a conservator for that portion of the trust belonging to Child. Consequently, in our holding, we are not determining or adjudicating any disputed ownership of the proceeds or property that may be included in the conservatorship. If Father disputes the inclusion of any funds or property as a part of the conservatorship, we hold he is not precluded from the filing of the proper pleading in the district court to adjudicate the proper beneficiaries to the settlement proceeds. In such proceeding, the district court shall adjudicate the subissue of the propriety of the $40,000 expenditure on Father's personal debts noted previously, in the event Conservator contests that expenditure.

{24} To the extent, however, that the settlement proceeds were to benefit Child, Father did not have the ability to place the proceeds in trust on his own, and the district court had the authority to remove the settlement proceeds from the trust. *See* NMSA 1978, § 45-5-402.1(B)(2) (1993); *Garcia v. Middle Rio Grande Conservancy Dist.,* 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App.1983) (general rule is that court must give approval to settlement; court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself"), *overruled on other grounds by Montoya v. AKAL Sec., Inc.,* 114 N.M. 354, 357, 838 P.2d 971, 974 (1992); *see also Collins v. Tabet,* 111 N.M. 391, 400, 806 P.2d 40, 49 (1991).

## III. CONCLUSION

{25} We hold that the Uniform Probate Code did not require the district court to find by clear and convincing evidence that the conservatorship was the least restrictive form of intervention. We also hold that the district court's failure to make findings and conclusions did not prejudice Father. We affirm the district court's appointment of Conservator. The parties shall bear their own costs on appeal.

{26} **IT IS SO ORDERED.**

ALARID, J., concurs.

WECHSLER, J., (Dissenting).

WECHSLER, Judge (Dissenting).

{27} I concur with the majority concerning the district court's power to appoint a conservator. However, I believe that NMSA 1978, § 45-5-407(I) (1998) also has effect for the protection of minors when applicable. As a result, I respectfully dissent from the majority's conclusion that the New Mexico Uniform Probate Code does not require the district court to find by clear and convincing evidence that the conservatorship is the least restrictive form of intervention.

*Statutory Format*

{28} In my analysis, I differ with the majority when examining the statutory structure of the Uniform Probate Code to determine legislative intent. *See Meridian Oil, Inc. v. New Mexico Taxation & Revenue Dep't,* 1996–NMCA–079, ¶ 12, 122 N.M. 131, 921 P.2d 327 (" 'The starting point in statutory construction is to read and examine the text of the act and draw inferences concerning the meaning from its composition and structure.' " (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.01, at 136 (5th ed.1992))) (footnote omitted). As the majority points out, Section 45-5-407(A) is the only subsection of Section 45-5-407 that, by its terms, concerns itself only with a conservatorship for a minor. While other subsections do not have effect for a minor's estate, several subsections are applicable regardless of whether the estate is of a minor or another person to be protected. Nothing in Section 45-5-407 specifically indicates that its subsections do not apply to a petition involving a minor. Moreover, the format of

Section 45–5–407 with seventeen apparently equal subsections suggests that the legislature did not intend to divide these subsections so that Subsection A was the only subsection that applied to a petition because of minority. *Cf. Meridian Oil, Inc.*, 1996–NMCA–079, ¶ 14, 122 N.M. 131, 921 P.2d 327 (reasoning that had the legislature intended one subsection to be an exception to another, it would have been "a simple matter ... to insert conditional language").

{29} In contrast, NMSA 1978, § 45–5–401 (1993) has two clearly divided subsections separating the provisions applying to minors and adults. Section 45–5–401 typifies the legislative format which divides subject matter into alternative subsections as Desert States contends. The legislature did not so divide Section 45–5–407. If the legislature had intended separate requirements for petitions based upon minority, it would have been a straightforward matter for it to have written the statute in that manner. *See Meridian Oil, Inc.*, 1996–NMCA–079, ¶ 14, 122 N.M. 131, 921 P.2d 327. As the format and some subsections of Section 45–5–407 are of general applicability, I would conclude that the legislature intended that each subsection apply to a petition for appointment of a conservator based on minority as well as reasons other than minority depending upon the specific applicability of each subsection.

*Required Findings of Fact*

{30} I believe that the conclusion that Section 45–5–407(I) applies in this case becomes clear when I read Subsection A of Section 45–5–401 in conjunction with Subsections H and I of Section 45–5–407. Section 45–5–401 requires the court to make determinations. In order for a court to make determinations, it must necessarily make findings of fact and rely upon those findings to make its determinations. *See Gersbach v. Warren*, 1998–NMSC–013, ¶ 27, 125 N.M. 269, 960 P.2d 811 (district court makes "determinations" based upon "findings"). The first two determinations are applicable to this case. John Chisholm owns property that requires management or protection, and he may have financial affairs. Such a determination, however, is not sufficient for the appointment of a conservator. The court must also find that the management or protection of John's property "cannot otherwise be provided," or that his financial affairs "may be jeopardized or prevented by his minority." Section 45–5–401(A)(1), (2). Respondent Father specifically disputes that such findings are proper. He asserts that the John Chisholm Trust provides the necessary management or protection of John's property and enables John's financial affairs to be carried out. Without a finding to the contrary, his position in the litigation is prejudiced.

{31} Subsections H and I of Section 45–5–407 relate to the court's action upon a petition. Under Subsection H, if the court determines that the person to be protected has the capacity to manage his or her estate or financial affairs, or both, the court shall dismiss the petition. I agree with the majority that this subsection does not apply when the person to be protected is a minor because a minor is considered under legal disability. However, Subsection I permits the court to appoint a full or limited conservator after making a finding in the record based on clear and convincing evidence. I cannot agree with the majority that Section 45–5–407(I) does not have general applicability because it uses the word "Alternatively" and because it follows Subsection H. Subsection I uses the word "Alternatively" only because it sets forth the alternatives to dismissal.

{32} The findings required cover five specific areas. The first area is that the person is either totally incapacitated or incapacitated only in specific areas. A finding of minority suffices to address this requirement. The next three areas subject to a finding address the appointment of a conservator as the appropriate remedy as opposed to another method of managing the estate or financial affairs of the person to be protected. This issue is specifically the one which Father raises in this case. The last of the five areas to be found by the court involves whether "the proposed conservator is both qualified and suitable and is willing to serve." Section 45–5–407(I)(5). The Uniform Probate Code does not otherwise contain this requirement. I believe that the legislature intended the district court to make these

findings with regard to all appointed conservators. Indeed, it does not make sense that the district court would be required to find that only conservators for persons to be protected other than minors be found to be qualified, suitable, and willing to serve.

{33} Under the structure of Article 5 of the Uniform Probate Code, Section 45-5-401 sets forth the required elements for the appointment of a conservator, and Section 45-5-407 describes the procedure for the district court to follow. Reading the two sections together, given the format of Section 45-5-407, I would conclude that Section 45-5-407(I) applies to the court's determinations under Section 45-5-401(A). See Citizens for Incorporation, Inc. v. Board of County Comm'rs, 115 N.M. 710, 717, 858 P.2d 86, 93 (Ct.App.1993). Otherwise, none of the procedural requirements of Section 45-5-407 attendant to a hearing would pertain to a conservatorship petition with regard to a minor. I do not believe that the legislature intended to provide lesser procedural protections to minors than to other persons to be protected. Cf. Meridian Oil, Inc., 1996-NMCA-079, ¶ 14, 122 N.M. 131, 921 P.2d 327 (reasoning that lack of conditional language meant that legislature did not intend one subsection to be an exception for another). As a result, I further conclude that the legislature intended that Section 45-5-407(I) apply to a petition for appointment of a conservator because of minority. With this conclusion, the district court had the obligation to make findings based on clear and convincing evidence as set forth in Section 45-5-407(I).

*Need for Evidentiary Hearing*

{34} Some of the confusion in this case may have arisen from the fact that the March 13, 1997 hearing which resulted in the order regarding conservatorship was on Desert States Life Management's motion to review conservatorship and accounting, not on the petition for appointment of a conservator. It was not an evidentiary hearing. Because the order resulted from the motion hearing, Desert States Life Management argues that findings of fact and conclusions of law are not required. See Rule 1-052(B)(1)(a) NMRA 1998 (findings of fact and conclusions of law

are generally unnecessary in decisions on motions). The fault in this argument is that if the district court only ruled upon the motion at the March 13, 1997 hearing, it never held a hearing on the petition as required under Section 45-5-401 and Section 45-5-407(A).

{35} I believe that the district court made just that error. Although the subject matter may have been the same or overlapped, the substance of the petition never came before the district court for an evidentiary hearing to enable the court to enter findings and conclusions concerning the content of the petition. The petition was not verified, and no sworn witness ever testified. The petitioner has the burden of establishing an entitlement to the relief sought on the record. Cf. In re Sanders, 108 N.M. 434, 436-38, 773 P.2d 1241, 1243-45 (Ct.App.1989) (burden of proof is on petitioner in a guardianship proceeding). The questions posed by Sections 45-5-401(A) and 45-5-407(A) concerning the appropriateness of a conservatorship raise issues about Father's creation of the John Chisholm Trust and whether the district court could set aside the trust. Without an evidentiary hearing, the district court was unable to make the required statutory determinations. See §§ 45-5-401(A), -407(I).

{36} Desert States Life Management argues alternatively that if the district court needed to make findings, the court's oral statement at the December 20, 1996 hearing that "it is inconceivable to me that a young man with that kind of money would not have a conservatorship to manage the money" is sufficient to fulfill the district court's obligation. I do not agree. First, the district court made its oral finding at the December 20, 1996 hearing. After that time, Father submitted to the court documents and affidavits concerning his position. The December 20, 1996 finding could not have addressed Father's submissions. Second, Sections 45-5-401(A) and 45-5-407(I) require findings in addition to a minor having possession of substantial property. The court did not make such findings on December 20, 1996.

{37} I therefore would reverse the order regarding conservatorship and remand to the district court to conduct an evidentiary hearing as required by the Uniform Probate Code and enter findings of fact and conclusions of law.