OPINION
Alvis Webb, Jr. is appealing from the decision of the trial court overruling his motion for an order directed to the Department of Rehabilitation and Correction "to credit him with his periods of confonement [sic] in the [two cases of 96-CR-643 and 98-CR-68]." (Filed Pro Se). The two cases covered two separate convictions and sentences of appellant, but appellant has joined these in his motion, arguing he was not given enough credit for days served in the county jail in custody, nor was he given credit for the 90 days he served in the SOS Hall program.
He filed his motion, with accompanying memorandum, pro se, on December 2, 1998. The State did not file a response. No hearing was held by the court, which issued its decision on December 28, 1998, which overruled the motion but provided no factual analysis or the reasoning for its decision. As the appellee states in its brief, "the record is unclear as to how the trial court calculated jail credit." (Appellee's brief, 4).
The appellant's sole assignment of error is that the trial court "erred to the prejudice of the defendant-appellant when it over-ruled [sic] defendant-appellant's motion for jail-time [sic] credit." Even though Crim.R. 32.2(D), which required the trial court to forward to the institution of confinement a statement of the number of days to be credited to the defendant, was deleted without explanation on July 1, 1998, this court believes the trial court still has that duty. See our discussion of the issue inState v. McComb (June 25, 1999), Greene App. No. 99 CA 8, unreported. See also State v. Gooch (May 7, 1999), Greene App. Nos. 98-CA-105 and 98-CA-106.
This court has held that where the record before it provides no basis to support the decision of the trial court regarding jail time credit the case should be remanded to the trial court to calculate the amount of jail time credit and to place on the record its factual findings regarding its calculation. State v.Dixon (1984), 18 Ohio App.3d 86.
The assignment of error is sustained, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix
Samuel S. Latham
Hon. M. David Reid