2003-NMCA-028

62 P.3d 372

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**James CALVERT, Defendant–Appellee.**

**State of New Mexico, Plaintiff–Appellant,**

v.

**Juan Zavala, Defendant–Appellee.**

**State of New Mexico, Plaintiff–Appellant,**

v.

**Oscar Sanchez Jacquez, Defendant–Appellee.**

Nos. 22,731, 22,734, 22,699.

Court of Appeals of New Mexico.

Dec. 13, 2002.

Certiorari Denied, No. 27,853, Jan. 22, 2003.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, NM, for Appellees.

*OPINION*

BUSTAMANTE, Judge.

{1} We consolidate three cases on appeal which raise two questions integral to the mandatory sentencing provisions of NMSA 1978, § 66–8–102 (1999): whether a defendant may be awarded presentence confinement credit where the defendant has served less than the mandatory minimum "consecutive" jail term imposed pursuant to Section 66–8–102, and if so, whether a defendant is entitled to a full day credit for any partial day served pursuant to *State v. Miranda,* 108 N.M. 789, 779 P.2d 976 (Ct.App.1989).

{2} We hold that a trial court must award presentence confinement credit to first-time offenders and has discretionary authority to grant presentence confinement credit, for any eligible time served, against a mandatory minimum "consecutive" jail term imposed against a defendant who has been convicted of a second or third offense of driving under the influence (DWI), pursuant to Section 66–8–102. However, we also hold that the *Miranda* credit rule does not apply to mandatory minimum sentences for misdemeanor DWI convictions that are measured in hours.

**Statement of Facts and Proceedings**

{3} Defendant James Calvert (Calvert) was arrested on June 27, 2000, for Driving While Intoxicated (B.A.C. of .08% or above) (DWI), a misdemeanor, and Driving While License Suspended or Revoked (Suspended/Revoked License). On April 3, 2001, Calvert entered a DWI Repeat Offender Plea and Disposition Agreement wherein he pled guilty to DWI, Second Offense, pursuant to Section 66–8–102(F) and the Suspended/Revoked License charge was dismissed. That same day, the magistrate court entered the Judgment and Sentence, sentencing Calvert to 364 days with 361 days suspended for a jail term of three days. On May 18, 2001, the magistrate court granted Defendant's Motion to Award Presentence Confinement and credited Calvert for one day although he had only spent "several hours" at the Dona Aña County Detention Facility prior to being released on bail.

{4} Defendant Juan Zavala (Zavala) was arrested on February 22, 2001, for Aggravated Driving While Intoxicated (B.A.C. of .16% or above) (Aggravated DWI), a misdemeanor, and Driving on Wrong Side of Roadway. On June 13, 2001, Zavala entered a DWI Repeat Offender Plea and Disposition Agreement wherein he pled guilty to Aggravated DWI, Second Offense, pursuant to Section 66–8–102(D)(1) and (F), and the Driving on Wrong Side of Roadway charge was dismissed. That same day, the magistrate court entered the Judgment and Sentence, sentencing Zavala to 364 days with 357 days suspended for a mandatory jail term of seven days (seventy-two hours plus an additional ninety-six hours) for an aggravated second DWI, and awarding Zavala two days presentence confinement credit. The record does not reflect the precise amount of time Zavala spent in jail prior to sentencing, although he apparently served "one day plus an increment of a [second] day" in jail prior to conviction.

{5} Defendant Oscar Sanchez Jacquez (Jacquez) was arrested on October 24, 2001,

for Aggravated DWI (Refusal), a misdemeanor; Speeding; Resisting; Evading or Obstructing an Officer; No Proof of Insurance; and No Driver's License. On June 6, 2001, a jury found Jacquez guilty on all charges. The magistrate court entered the Judgment and Sentence on June 29, 2001, convicting Jacquez of Aggravated DWI, First Offense, and sentencing him to ninety days with eighty-eight days suspended for the mandatory minimum sentence of forty-eight hours, pursuant to Section 66–08–102(D) and (E). Subsequently, on Jacquez's motion to award presentence confinement credit, the court awarded him one day credit for the "several hours" Jacquez spent in jail prior to posting bond. However, the exact amount of time Jacquez spent in jail prior to sentencing is unknown.

{6} In each case, the State appealed the Judgment and Sentence to the district court on the ground that the credit for time served was illegal in that it reduced the minimum mandatory "consecutive" sentences prescribed by Section 66–8–102(E) and (F). In Jacquez's case, the district court denied the State's appeal, concluding that the magistrate court was required to credit Jacquez for time served as a first time offender pursuant to *State v. Martinez*, 1998–NMSC–023, 126 N.M. 39, 966 P.2d 747. Further, the court found that *Miranda* authorized a full day credit for the portion of one day served in jail by Jacquez. *See* 108 N.M. at 792, 779 P.2d at 979.

{7} The district courts also denied the Calvert and Zavala appeals, ruling that the award of presentence confinement credit was properly within the discretion of the magistrate court pursuant to *Martinez* and that the award of a full day credit for a partial day served was appropriate.

## Presentence Confinement Credit

{8} May a defendant be awarded presentence confinement credit where the defendant has served less than the mandatory minimum consecutive sentence pursuant to Section 66–8–102? Under Section 66–8–102(E), a first time offender who is convicted of Aggravated DWI must be "sentenced to not less than forty-eight consecutive hours in

jail." A second time offender must be "sentenced to a jail term of not less than seventy-two consecutive hours" under Section 66–8–102(F)(1). The sentence for a third time offender increases to "not less than thirty consecutive days" under Section 66–8–102(F)(2). Additional "consecutive" jail time is imposed under subsections (F)(1) and (2) for repeat offenders convicted of aggravated DWI, and under both subsections (E) and (F) offenders who fail to complete sentencing order requirements must serve additional "consecutive" jail time.

{9} The State contends that Defendants' sentences are illegal because they fail to comply with the statutory provision that jail time be served consecutively. The State interprets the statute to mean that time must be *served consecutively,* hour for hour, "without interruption." To construe the statute otherwise, the State argues, would frustrate legislative intent to punish drunk drivers. The State concludes that this result would be contrary to *Martinez,* which affords the trial court discretion to award jail time credit only if it "does not lessen the penalty intended by the Legislature, or otherwise frustrate the Legislature's constitutional function of establishing criminal penalties." 1998–NMSC–023, ¶ 14, 126 N.M. 39, 966 P.2d 747.

{10} Defendants, on the other hand, argue that *Martinez* squarely addresses the issue of whether granting jail time credit is illegal under Section 66–8–102. Defendant Jacquez argues that *Martinez* has already explained that the plain language of the statute indicated that on a first conviction, "any time spent in jail for the offense prior to the conviction for that offense shall be credited to any term of imprisonment fixed by the court." 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747 (internal quotation marks and citation omitted).

{11} Defendants Calvert and Zavala insist that *Martinez* has resolved the issue as to second or third time offenders as well in concluding that "the Legislature did not intend to limit trial courts' inherent discretion to provide presentence credit for second and third offenders." 1998–NMSC–023, ¶ 15, 126 N.M. 39, 966 P.2d 747. Limiting the court's discretion to award credit, they argue, would

lead to absurd results by requiring judges to sentence some defendants to almost twice the mandatory sentence. This result, Defendants conclude, contradicts the finding in *Martinez* that the Legislature did not intend to punish second and third time offenders more harshly than fourth time offenders who receive felony convictions. *Id.*

{12} *Martinez* does not control these cases directly. The issues before the Court in *Martinez* were whether a trial court had discretion to award confinement credit for misdemeanor convictions in general, and if so, whether the magistrate court had authority to award credit to a defendant who had served ninety days in an alcohol treatment program, against his *entire* mandatory sentence. *See id.* ¶¶ 6–7. The Court held that the trial court had inherent discretion to provide presentence confinement credit for second and third time offenders. *Id.* ¶ 15. Defendants here did not serve their entire mandatory minimum sentence, but only a fraction of those sentences. *Martinez* does not address a situation where the defendant has served less than the mandatory minimum consecutive sentence. These cases, therefore, raise a question of first impression: whether the use of the term "consecutive" in the sentencing of a defendant under Section 66–8–102(E) and (F) indicates the Legislature intended defendants convicted of a first, second, or third offense to serve an indivisible, mandatory minimum jail term, each day in succession, hour for hour, rather than piecemeal.

*Standard of Review*

{13} "The [i]nterpretation of a statute is an issue of law that is subject to de novo review." *State v. Cleve*, 1999–NMSC–017, ¶ 7, 127 N.M. 240, 980 P.2d 23, *modification on other grounds recognized by State v. Perea*, 2001–NMCA–002, ¶¶ 9–19, 130 N.M. 46, 16 P.3d 1105 (quoting *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995)) (internal quotation marks omitted). Because *Martinez* does not control and this Court must interpret the DWI statute, Defendants are incorrect in their argument that the appropriate standard of review should be an abuse of discretion. *See State v. Jensen*, 1998 NMCA 034, ¶ 19, 124 N.M. 726, 955 P.2d 195 (sentencing is reviewed for abuse of discretion).

*Aggravated DWI, First Offense*

■ {14} Jacquez was convicted of Aggravated DWI, First Offense, and, pursuant to Section 66–8–102(E), he was sentenced to forty-eight consecutive hours in jail. Jacquez received one-day credit for time spent in jail on that offense prior to posting bail. The State contends that this is an illegal sentence, because Defendant did not serve his entire forty-eight hours "consecutively" as required under the plain language of the statute. However, the State's argument ignores the remaining portion of subsection (E), which provides that "[o]n a first conviction under this section, *any time spent in jail* for the offense prior to the conviction for that offense *shall be credited to any term of imprisonment* fixed by the court." Section 66–8–102(E) (emphasis added).

■ {15} "Our primary goal in interpreting a statute is to give effect to the Legislature's intent. We look first to the words chosen by the Legislature and the plain meaning of the Legislature's language." *Martinez*, 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747. Legislative intent may also be gleaned by the statutory structure of a provision. *See In re Conservatorship of Chisholm*, 1999–NMCA–025, ¶ 14, 126 N.M. 584, 973 P.2d 261 ("The starting point in statutory construction is to read and examine the text of the act and draw inferences concerning the meaning from its composition and structure.") (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.01, at 136 (5th ed.1992) (internal quotation marks omitted)).

{16} The plain language of subsection (E) requires a sentence of not less than forty-eight consecutive hours, although it also mandates credit for time served prior to a conviction. The Legislature has placed no restrictions on crediting a first time offender for time served on an Aggravated DWI. To the contrary, it has provided that an offender be given confinement credit for *any* first conviction, including Aggravated DWI, by prefacing the provision unequivocally with

"[o]n a first conviction under this section." This mandate appears in the same section and after the Aggravated DWI sentencing language at issue. And it is the second to last sentence in the entire section, which includes the forty-eight consecutive hour language. The plain language as well as the structure of subsection (E) indicates that a court must sentence a defendant to forty-eight consecutive hours, but it must then credit the defendant for time served in jail on that offense.

{17} The Supreme Court in *Martinez* did not directly address the question of whether a first time offender was entitled to jail time credit against his mandatory minimum "consecutive" jail term. Rather, the Court simply noted that the plain language of the statute required the trial court to award presentence confinement credit to a first time offender. *See* 1998–NMSC–023, ¶¶ 8, 11, 126 N.M. 39, 966 P.2d 747. This Court's construction of Section 66–8–102(E) is therefore consistent with and supplements the *Martinez* decision.

{18} Accordingly, this Court affirms the trial court's ruling that Defendant Jacquez was entitled to presentence confinement credit.

### DWI, Second and Third Offense

■ {19} *Martinez* concluded that because the Legislature intended first and fourth DWI offenders to receive presentence credit, trial courts have inherent discretion to award presentence credit to second and third DWI offenders. *Id.* ¶ 15. Because the issue was not presented, however, *Martinez* did not determine whether credit may be applied against the mandatory minimum consecutive sentences or whether it may only be applied to sentences imposed in excess of the mandatory minimum.

■ {20} "[T]he cardinal rule of statutory construction is to determine legislative intent." *D'Avignon v. Graham*, 113 N.M. 129, 131, 823 P.2d 929, 931 (Ct.App.1991). When the language is clear and unambiguous, it must be given its plain and ordinary meaning. *Key v. Chrysler Motors Corp.*, 121 N.M. 764, 769, 918 P.2d 350, 355 (1996). However,

the plain meaning rule does not require a mechanical, literal interpretation of a statute. *D'Avignon*, 113 N.M. at 131, 823 P.2d at 931 ("[B]oth this court and the … Supreme Court have rejected formalistic and mechanistic interpretation of statutory language."). Rather, courts "must exercise caution in applying the plain meaning rule. Its beguiling simplicity may mask a host of reasons why a statute, apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate … differences of opinion concerning the statute's meaning." *Key*, 121 N.M. at 769, 918 P.2d at 355 (quoting *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994) (internal quotation marks omitted)). In construing a statute, "all parts of a statute must be read together to ascertain legislative intent. We are to read the statute in its entirety and construe each part in connection with every other part to produce a harmonious whole." *Id.* (citations omitted); *see also General Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985).

{21} The meaning of the "consecutive" language in Section 66–8–102(F)(1) and (2) is unclear when viewed in the context of the entire DWI statute. On the one hand, a consecutive jail sentence is required for a first time offender who commits aggravated DWI and yet, under the express language and structure of Section 66–8–102(E), the Legislature clearly intended that the first offender be given presentence confinement credit for "any" sentence imposed. On the other hand, the "consecutive" language is repeated throughout subsection (F), yet the statute is silent as to presentence confinement credit.

{22} A review of the statutory history of Section 66–8–102 does not clarify the meaning of the consecutiveness requirement. Nonetheless, there is a clear indication that the Legislature used the "consecutive" language to ensure DWI offenders were punished by serving some minimum jail time before the court could suspend, defer, or take a sentence under advisement. In addition, at least for sentences greater than forty-eight or seventy-two hours, the Legislature may have intended that trial courts not have dis-

cretion to permit the sentence to be served on weekends.

{23} The "consecutive" language was first introduced in the 1982 amendment. Whereas the statute previously provided that a second or subsequent offender "be sentenced to a jail term of not less than two days which shall not be suspended or deferred,"[1] the 1983 version read that for second and subsequent convictions, offenders must be "sentenced to a jail term of not less than forty-eight consecutive hours which shall not be suspended or deferred or taken under advisement."[2]

{24} Ten years later, the 1993 amendment applied the "consecutive" language to Aggravated DWI, First Offense,[3] even though the Legislature had required courts to credit first convictions for time served since 1965.[4] The Legislature also incorporated the use of the term throughout Section 66–8–102 where it appeared in terms of both consecutive hours and consecutive days, depending on the number of prior convictions, whether the DWI was aggravated, and whether the offender completed other sentencing requirements.[5] The relevant portions of the statute have remained substantially unaltered since the 1993 amendment.[6]

{25} While it is possible that the Legislature simply overlooked the fact that a first time offender was entitled to presentence confinement credit when it imposed a mandatory forty-eight consecutive hour sentence, it is equally plausible that it simply wanted to ensure that a forty-eight hour block of jail time could not be suspended, deferred, or taken under advisement, even though the court would have the discretion to award credit. At bottom, the statute is not clear and the statutory history does not assist us in evaluating the Legislature's intent.

{26} We are mindful that since 1941 the legislative trend has been to increase punishment and severity of sentences for DWI convictions. *State v. Hernandez*, 2001–NMCA –

057, ¶ 21, 130 N.M. 698, 30 P.3d 387 (noting there have been twelve amendments to the DWI statute since 1941, "augmenting penalties or adding provisions for court-ordered drug and alcohol screening, treatment, and rehabilitation."), *see also State v. Clah*, 1997–NMCA–091, ¶ 10, 124 N.M. 6, 946 P.2d 210 (applying presentence credit under NMSA 1978, § 31–20–12 (1977) to DWI felony offenses). Indeed, this Court has described the DWI statute as a "pure punishment" statute. *Hernandez*, 2001–NMCA–057, ¶ 27, 130 N.M. 698, 30 P.3d 387.

{27} However, we are equally mindful of the need for consistency and reasoned principle when interpreting statutes. *Rauscher, Pierce, Refsnes, Inc. v. Taxation & Revenue Dep't*, 2002–NMSC–013, ¶ 24, 132 N.M. 226, 46 P.3d 687 ("A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme.' ") (quoting *Gottsch Feeding Corp. v. State*, 261 Neb. 19, 621 N.W.2d 109, 117 (2001)). The State argues that by choosing the "consecutive" language the Legislature has manifested its intent that the entire mandatory minimum sentence be served consecutively, without interruption, before any presentence confinement credit be granted. However, reading the statute together in its entirety, as this Court must do, we find there is no reasoned principle upon which this Court can interpret the consecutiveness requirement of Section 66–8–102(F) as the State urges, in light of Section 66–8–102(E), which mandates a consecutive sentence, yet expressly requires the credit.

{28} It is the duty of the judiciary, in implementing the directives of the Legislature, to exercise reason and to ensure that the ends of justice are met. *Martinez*, 1998–NMSC–023, ¶ 14, 126 N.M. 39, 966 P.2d 747. "The granting of presentence confinement credit, unlike . . . the suspension of a mandatory sentence . . . does not necessar-

1.   1982 N.M. Laws, ch. 102, § 1.

2.   1983 N.M. Laws, ch. 76, § 2.

3.   1993 N.M. Laws, ch. 66, § 7.

4.   1965 N.M. Laws, ch. 251, § 1.

5.   1993 N.M. Laws, ch. 66, § 7.

6.   1997 N.M. Laws, ch. 43, § 1, ch. 205, § 1, 1999 N.M. Laws, ch. 61, § 1, 2002 N.M. Laws, ch. 82, § 1.

ily interfere with the Legislature's role in establishing appropriate penalties for crimes. Presentence confinement credit represents a court's recognition that a defendant, in fact, has satisfied a portion of the penalty mandated by the Legislature." *Id.* Its purpose is to "assure equal treatment of all defendants whether or not they are incarcerated prior to conviction." *Miranda,* 108 N.M. at 792, 779 P.2d at 979; *see also State v. Clements,* 161 Ariz. 123, 776 P.2d 801, 803–05 (1989) (holding that, because the purpose of presentence confinement credit is to avoid inequity between people of different financial means, trial courts have discretion to award presentence confinement credit, even when the DWI statute requires a mandatory amount of time to be spent "in prison," not jail).

{29} Reading the statute as a whole requires this Court to review the penalty scheme for all levels of convictions, interpreting them to achieve as harmonious a result as possible. *See In re Conservatorship of Chisholm,* 1999–NMCA–025, ¶ 8, 126 N.M. 584, 973 P.2d 261. Denying presentence confinement credit to a second and third time offender would create inconsistent and unjust disparities between first and fourth or subsequent offenders and second and third offenders. Under the State's interpretation, a second time offender who serves two days, twenty-three hours, and fifty-nine minutes of presentence confinement must be sentenced to an additional seventy-two hours or three days for a total of almost six days. On the other hand a more wealthy defendant could bond out almost immediately.

{30} This result, some might argue, is de minimis given the seriousness of the drunk driving problem. However, the difficulty

with the State's position becomes apparent when applied to a third and aggravated third conviction, for which a defendant must be sentenced to thirty and ninety consecutive days, respectively. *See* § 66–8–102(F)(2). For a basic third conviction, a defendant who spent twenty-nine days in jail before bonding out would still have to return to complete his consecutive thirty day sentence. A third time offender convicted of aggravated DWI could potentially spend up to eighty-nine days in jail and still be sentenced to another ninety days. Under this scenario, a third offender could theoretically serve up to six months actual time, the penalty equivalent to a fourth time felony conviction. As the Supreme Court has noted, "[w]e do not believe the Legislature intended to treat second and third offenders more severely than fourth and subsequent offenders." *Martinez,* 1998–NMSC–023, ¶ 15, 126 N.M. 39, 966 P.2d 747.

{31} A survey of other states is of little help in our endeavor to determine what exactly the Legislature meant by "consecutive." Twenty-five states currently require mandatory minimum "consecutive" sentences under their DWI laws, although those sentences vary widely.[7] Of those twenty-five states, only a handful have decided the issue of whether defendants are entitled to jail time credit. Three states have ruled that a defendant is entitled to such credit even though their sentence required them to serve a consecutive jail term. *See State v. Philbrick,* 127 N.H. 353, 499 A.2d 1341, 1344 (1985) (holding second time offender could be sentenced to mandatory seven consecutive day sentence and still be entitled to credit under mandatory credit rule, thereby reducing sentence to three consecutive day term); *State v. Dixon,* 18 Ohio App.3d 86, 481 N.E.2d 1197, 1198 (1984) (finding the legislature did

---

7. Alaska Stat. § 28.35.030 (Michie 2000); Ariz. Rev.Stat. Ann. §§ 28–1381, 1382 (West Supp. 2001); Cal. Veh.Code § 23536(a) (West 2000) (imposing forty-eight "continuous" hours for first offense); Conn. Gen.Stat. Ann. § 14–227a(h) (West Supp.2002); Haw.Rev.Stat. Ann. § 291–4(b) (Michie 1998); Idaho Code § 18–8005 (Michie 2002); Ind.Code Ann. § 9–30–5–15 (Michie Supp.2002); Iowa Code Ann. § 321J.2 (West Supp.2002); Kan. Stat. Ann. § 8–1567 (2001); Ky.Rev.Stat. Ann. § 189A.010 (Michie 2002); Mich. Stat. Ann. § 257.625 (Michie 2001); Minn. Stat. Ann. § 169A.275 (West Supp.2002); Mont.

Rev.Code Ann. § 61–8–714 (Smith 2001); Nev. Rev.Stat. Ann. § 484.3792 (Michie Supp.2001); N.H.Rev.Stat. Ann. § 265:82 b (2002); N.J. Stat. Ann. § 39:4–50 (West 2002); N.D. Cent.Code § 39–08–01 (2001); Ohio Rev.Code Ann. § 4511.99 (West 2001); Or.Rev.Stat. § 813.020 (1998); 75 Pa. Cons.Stat. Ann. § 3731 (West Supp.2002); R.I. Gen. Laws § 31–27–2 (2000); Tenn.Code Ann. § 55–10–403 (2001); Utah Code Ann. § 41–6–44 (2002); Vt. Stat. Ann. tit. 23, § 1210 (2001); Wash. Rev.Code Ann. § 46.61.5055 (West 2001).

not intend to exempt DWI statute requiring seventy-two consecutive hours in jail from state's mandatory credit rule); *State v. Kain*, 24 S.W.3d 816, 820 (Tenn.Crim.App.2000) (holding defendant entitled to seven hours pretrial jail credit under mandatory credit rule, despite court's previous ruling that minimum mandatory sentences must be served consecutively).

{32} Each of the three states that have allowed presentence credit have done so in light of its state's mandatory credit rule which applies to misdemeanors, as well as felonies. Only one state has declined to authorize jail time credit, but it did so based on the state's limited credit and DWI statutes. *See State v. Urbanek*, 15 Kan.App.2d 73, 803 P.2d 1030, 1032–33 (1990) (concluding Legislative history clearly indicated DUI offenders should receive more severe punishment so that time served prior to conviction cannot be credited against minimum consecutive term unless it applies to entire sentence). Kansas law required that jail time credit be granted "[i]n any criminal action … [but] … *[may not] be considered to reduce the minimum or maximum terms of confinement." Id.* at 1032. On the same note, its DWI statute imposed a mandatory minimum "five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole *or is otherwise released." Id.* (emphasis omitted).

{33} New Mexico laws are distinct from Kansas laws. New Mexico's felony credit rule, unlike Kansas law, does not prevent a court from reducing a minimum or maximum sentence. Likewise, New Mexico's DWI statute, unlike Kansas' DWI statute, does not go so far as to mandate a minimum consecutive sentence before an offender is "otherwise released." Although New Mexico's statutory credit rule applies to felonies rather than misdemeanors, unlike other states that have a mandatory credit rule, New Mexico has held that courts have an inherent discretion to award jail time credit in misdemeanors. *Martinez*, 1998–NMSC–023, ¶ 14, 126 N.M. 39, 966 P.2d 747. As a general matter, we see no reason to distinguish between "misdemeanor convictions [and] felony convictions in crediting time in jail prior to

sentencing." *See State v. Piersall*, 20 Ohio App.3d 110, 485 N.E.2d 276, 279 (1984) (internal quotation marks and citation omitted). While defendants may not be entitled to credit under a mandatory credit rule as other states have held, New Mexico courts have the discretion to award such credit for second and third DWI convictions.

{34} Accordingly, we hold that the Legislature did not intend to limit a trial court's discretion to award presentence confinement credit against a mandatory minimum consecutive sentence imposed for a second or third DWI conviction. To hold otherwise would create inconsistent results between first, second, and third convictions.

## The Miranda Rule

{35} In *Miranda*, the Supreme Court held that a one-day credit rule should be granted for every twenty-four hours, or fraction thereof, pursuant to Section 31–20–12. 108 N.M. at 792, 779 P.2d at 979. Section 31–20–12 requires courts to award presentence confinement credit for time spent "in official confinement on suspicion or charges of the commission of a felony." The issue before this Court is whether that rule should be extended to include misdemeanants who have been convicted of DWI under Section 66–8–102(E) and (F) and whose mandatory minimum sentence is stated in hours. This is a pure question of law that is subject to de novo review. *See Cleve*, 1999–NMSC–017, ¶ 7, 127 N.M. 240, 980 P.2d 23; *State v. Attaway*, 117 N.M. 141, 144, 870 P.2d 103, 106 (1994).

{36} The State contends that applying the *Miranda* rationale is inappropriate where the Legislature has specified that the time must be served consecutively. In the State's view, any credit against a mandatory minimum consecutive jail term lessens the penalty intended by the Legislature and frustrates the Legislative constitutional function to establish penalties. *See Martinez*, 1998–NMSC–023, ¶ 14, 126 N.M. 39, 966 P.2d 747. Moreover, the State points out that *Miranda* interpreted Section 31–20–12 which is applicable to felons, not misdemeanants, as in second and third DWI convictions.

{37} Defendants appear to argue that since the *Miranda* one-day credit rule applies to a fourth conviction which is a felony, it should be applied to first, second, and third misdemeanor DWI convictions, as a matter of consistency.

*Analysis*

{38} We agree with the State. *Miranda* addressed only felonies to a limited extent. Section 66–8–102(E) and (F) impose misdemeanor penalties set forth in terms of hours and days, whereas penalties for felonies are set forth in terms of months, but more often years. The DWI penalties measured in hours are of relatively short duration, in particular when compared to felony penalties which are measured in months and years. Applying *Miranda* would frustrate legislative intent since a defendant could serve only a few hours of a forty-eight hour sentence and be credited a full twenty-four hours.

{39} Moreover, the underlying rationale of *Miranda* does not apply with similar force to DWI misdemeanor sentences that are statutorily stated in terms of hours. *Miranda* discussed two reasons for the credit rule: (1) administrative ease of application, and (2) equal treatment of defendants whether or not they were incarcerated prior to conviction. 108 N.M. at 792, 779 P.2d at 979 (discussing the possible ambiguity in jail records as to the exact time a defendant was put into custody or released, as well as the disparate crediting of consecutive and concurrent sentences).

{40} Defendants' equal treatment is not at issue where virtually all defendants spend at least a few hours in jail after arrest and before posting bond. The record does not contain information as to how much time a "typical" defendant arrested for DWI may generally spend in custody prior to posting bond. However, we can reasonably assume, that given the nature of the offense, most defendants spend at least some time, albeit perhaps only a few hours, in custody prior to posting bond. It would be anomalous for intoxicated defendants, given their state, to post bond immediately following their arrest without serving at least some time in custody. Therefore, as a practical result, most every defendant arrested for DWI would be entitled to a full twenty-four hour credit under *Miranda*, thereby reducing in half, for example, every forty-eight consecutive hour sentence.

{41} In light of the foregoing, this Court holds that when a court sentences a defendant to a minimum consecutive sentence statutorily stated in terms of hours, it is an error, as a matter of law, to award a full day credit where a defendant has served only a fraction of that time. Defendants may be given credit but only for the actual time served. For example, a defendant booked into jail at midnight and released at 10:00 a.m. following arraignment would be eligible for ten hours of credit against a forty-eight hour minimum sentence.

{42} Accordingly, we remand each case so that the various trial courts can calculate their credit time in a manner consistent with this opinion.

{43} **IT IS SO ORDERED.**

I CONCUR: LYNN PICKARD, Judge.

JAMES J. WECHSLER, Judge
(concurring in part and dissenting in part).

WECHSLER, Judge (concurring in part and dissenting in part).

{44} When courts construe statutes, they do so for legislative intent. *Martinez*, 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747. Because I believe that the legislative intent to impose a sentence of consecutive jail time is clear, I would construe Section 66–8–102(F) to require Defendant Calvert to serve a jail term of seventy-two consecutive hours for DWI, second offense, and Defendant Zavala to serve a jail term of not less than 168 consecutive hours for aggravated DWI, second offense. I therefore respectfully dissent from the portion of the majority opinion that holds otherwise. I agree with the majority with regard to Defendant Sanchez–Jacquez' sentence.

{45} Section 66–8–102 requires a consecutive jail term for all offenders. It has language requiring presentence confinement credit for a first offense, but does not have language requiring, or even permitting, pre-

sentence confinement credit for second and third offenses. A fourth offense is not at issue because it is a felony subject to Section 31–20–12, which requires presentence confinement credit for felony charges and was in place prior to the consecutive jail term requirement of Section 66–8–102.

{46} I believe that the language of Section 66–8–102 expresses the legislative intent. In considering the manner in which the legislature sought to approach the problems of DWI, this Court has recognized that Section 66–8–102 contains progressive punishment provisions designed to deter continued offenses. *Hernandez,* 2001–NMCA–057, ¶¶ 18–26, 130 N.M. 698, 30 P.3d 387. The consecutive jail terms provisions of Section 66–8–102 are consistent with legislative intent to punish repeat offenders in order to deter recidivism.

{47} As written, Section 66–8–102 only allows a court to grant credit for presentence confinement for a first offense. The express statutory language comports with the legislative intent of progressive punishment as recognized in *Hernandez.* I agree that courts try to construe a statute in its entirety so that each part can be read consistently with the others. *See Key,* 121 N.M. at 769, 918 P.2d at 355. However, the requirement of consistency is merely an aid in statutory construction that should be applied only when the resulting interpretation would not conflict with the intent of the legislature. *El Paso Elec. Co. v. Real Estate Mart, Inc.,* 92 N.M. 581, 584, 592 P.2d 181, 184 (1979). We cannot lose sight of the paramount purpose of statutory construction which is to ascertain and give effect to the true legislative intent. *See State v. Sinyard,* 100 N.M. 694, 697, 675 P.2d 426, 429 (Ct.App.1983). Although there may be inconsistencies in the statute at the extremes as the majority points out, I would not allow the effort for consistency to blur the overall legislative intent.

{48} I agree with the majority's resolution of the *Miranda* issue.